## W. C. DIMICK v. JEREMIAH DERINGER, FELIX McDONALD, AND BRIDGET O'HARA.

DISMISSAL OF ACTION.—The plaintiff in ejectment, if no counterclaim is made in the answer, has a right to dismiss the action as to one or all of the defendants.

DISMISSAL OF ACTION AS TO ONE OF SEVERAL DEFENDANTS.—If one of several defendants in ejectment answers and the others make default, the plaintiff may, before trial, dismiss the action as to the defendant answering, and take judgment against the others.

DEFENDANT IN EJECTMENT.—When the demanded premises are in the possession of a tenant, the tenant is the proper party defendant in ejectment.   The landlord is not a proper party defendant, and if made so the Court will, on motion, order a nonsuit as to him.

LANDLORD MAY DEFEND IN NAME OF TENANT.—If the tenant in possession is sued in ejectment, the landlord may, in cases in which his title is drawn in issue, be permitted to defend the action in the name of the tenant, but not in his own name.

SETTING ASIDE DEFAULT.—If the tenant sued in ejectment has, by neglect or design, suffered a default, the landlord may, upon a proper showing and motion in the name of the tenant, have the default set aside.

STAY OF PROCEEDINGS UNDER WRIT OF RESTITUTION.—If the tenant and landlord are jointly made defendants in ejectment, and the tenant suffers default, and the landlord answers in his own name, and the plaintiff dismisses the action as to the landlord and takes judgment against the tenant, the Court cannot on motion of the landlord order a stay of proceedings under a writ of restitution.

APPEALABLE ORDER.—If the plaintiff dismisses the action before trial, and the Court on defendant's motion makes an order restoring the cause to the calendar for trial, no appeal lies from this order.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*George W. Tyler*, for Appellant.

Ejectment must be brought against the party in possession, either *actual* or *constructive*, and it is error for the Court upon the trial to refuse a nonsuit as to such defendants as were not in possession at the commencement of the suit.   (*Garner* v.

*Marshall,* 9 Cal. 270 ; *Owen* v. *Fowler,* 24 Cal. 194.)   A party
has a right to dismiss as to some defendants, and proceed as to
others, (*Noe* v. *Card,* 14 Cal. 577 ; *Reed* v. *Calderwood,* 22
Cal. 463 ; Practice Act, Sec. 148 ;) and as Deringer was in
possession as O'Hara's tenant, and he notified O'Hara of the
suit and she did not defend for him, but allowed default, and
as O'Hara in her answer denied that *she was in possession,* or
that she *withheld* the possession, plaintiff had a right to dis-
miss as to her, and take a judgment for possession as against
Deringer.   A judgment irregularly entered can be set aside
only by a party to it.  (*Baker* v. *Judges of Ulster,* 5 Selden,
73 ; *Reed* v. *Calderwood,* 22 Cal. 463.)   Bridget O'Hara is no
party to the judgment, and therefore it could not have been
set aside upon her motion.   This is not an application for
relief under section sixty-eight of the Practice Act; nor is it
an application of the landlord to be let in to defend for the
tenant.   It is simply a question as to whether, when several
parties are sued in ejectment, and one answers *denying posses-
sion* and *withholding,* the plaintiff may treat the answer as *true,*
and dismiss as to such defendant.

*Henry E. Highton,* for Respondent.

That part of the order of August 13th, 1866, vacating and
setting aside the previous order dismissing the action as to
the defendant, Bridget O'Hara, sued as Bridget McDonald, is
not a " special order made after final judgment," and, there-
fore, is not appealable.   There never was a judgment against
Bridget O'Hara.  (Practice Act, Section 347.)   A party who
has appeared and answered to an action, is entitled to notice
before the dismissal thereof.   In this case, Bridget O'Hara
appeared and answered by her attorneys, and, without notice
to them, before the case had been or could have been reached
on the trial calendar, and during the very term in which the
action was commenced, it was dismissed.   The dismissal,
therefore, was erroneous, and, if not erroneous, still upon the
showing made, the Court was justified, before the expiration

of the term, in setting it aside. (Practice Act, Sections 148, 523; *Pilger* v. *Gou*, 21 How. Pr. 155, 156.) If it be held that under subdivision two of section one hundred and forty-eight of the Practice Act, no notice is necessary, still, that subdivision provides that the *action* may be dismissed, not that a dismissal may be entered as to *one* of the defendants, and especially one who has answered. (*Ex parte Nelson*, 1 Cowen, 422, 424, 425; *Chase* v. *Dunham, et al.* 1 Paige, 572.) Every Court of record has inherent power to control its own process and to prevent its writs from being improperly, unfairly, or fraudulently used. In this case the Court below legitimately exercised this power, and all the proceedings, as shown by the record, were during the same term. (*Wattson* v. *Dowling*, 26 Cal. 125–127; *Leese* v. *Clark*, 29 Cal. 664.)

By the Court, Rhodes, J. :

The plaintiff sued Deringer, Felix McDonald and Bridget O'Hara, in ejectment, and Deringer and McDonald having failed to answer, he caused their default to be entered. Bridget O'Hara answered, denying generally all the allegations of the complaint. The plaintiff dismissed the action as to her, and took judgment against Deringer and McDonald for the possession of the premises sued for. The writ of restitution was executed by evicting Deringer from one parcel of the premises, and Charles Boell from the other parcel, and delivering the possession of both parcels to the plaintiff. Subsequently, and at the same term of the Court, on the motion and affidavit of Bridget O'Hara, the plaintiff was ordered to show cause, etc., and on the hearing the Court ordered that proceedings under the writ of restitution be perpetually stayed; that the Sheriff restore Deringer, or Bridget O'Hara, his landlady, to the possession of the premises described in the complaint; that the order dismissing the action as to Bridget O'Hara be set aside, and the cause be restored to the calendar for trial. Upon a similar motion and affidavit of

Bridget O'Hara, the stay of proceedings under the writ was made perpetual, and the Sheriff was directed to restore Bridget O'Hara, or her tenant, Charles Boyle, or Bowle, to the possession of one parcel of the lands described in the complaint. The plaintiff appeals from both these orders.

The action not having been brought on to trial, and none of the defendants having filed a counterclaim, the plaintiff had the right, under the first subdivision of section one hundred and forty-eight of the Practice Act, to dismiss the action as to all or any of the defendants. The action being dismissed as to Bridget O'Hara, she was no longer a party to the proceedings. The plaintiff was entitled to take his judgment against Deringer and McDonald, as it was entered. The action being a possessory action, and being required, as we have always held, to be brought against the person in possession—the occupant of the land (*Hawkins* v. *Reichert*, 28 Cal. 536, and cases there cited) —when the lands are in possession of a tenant, the tenant and not the landlord is the proper party defendant. The landlord is neither a necessary nor proper party defendant, and if he is made a party, the Court on the hearing will, on motion, order a nonsuit as to him. The landlord may, however, in most cases, and perhaps in all cases in which his title is drawn in issue, be permitted to assume the defense and defend the action in the name of his tenant, but there is no other mode in which he can come into the action. If the tenant has, through neglect or by design, permitted a default to be entered up against him, the landlord may, upon a proper showing, and moving in the name of the tenant, have the default set aside. In these proceedings Bridget O'Hara did not move in the name of her tenant, and we cannot conceive of any motion she was entitled to make in her own name relating to the action, the judgment or the writ, except to have herself reinstated as a defendant. We are of the opinion that the Court erred in ordering that proceedings under the writ be stayed, and that Bridget O'Hara or her tenant be restored to the possession of the premises. It may not be improper to remark, without intending any reflection upon

any of the parties to this action, that in view of the character of the action of ejectment, under our system of practice, some further legislation is needful in order to afford the landlord proper protection against the consequences of the laches or frauds of tenants who are sued by third persons for the recovery of the possession of the demised premises.

The first order, the one of the date of August 13th, 1866, is divisible, one part having reference to the writ of restitution and the other to the dismissal of the action as to Bridget O'Hara. The latter is not an appealable order. It is not an order subsequent to the judgment, so far as she is concerned, for there is no judgment either for or against her, and the order does not follow the judgment that was rendered in the same line of proceeding, nor is it dependent upon it, but it is interlocutory to the judgment that thereafter be rendered in the action as against her. The action having been dismissed as to her, she was entitled to move that the cause as to her be reinstated on the calendar for trial, and to have an order to that effect entered, upon her showing that the cause had been brought on to trial or that she had filed a counterclaim, and although we may be of the opinion that her affidavit did not authorize the order, and that the order will be of no service to her as she did not propose to file a counterclaim, the order cannot now be reviewed, because it is not appealable. We do not understand that the judgment against Deringer and McDonald was set aside, or that the case was reinstated for a trial as to them.

The appeal from that portion of the first order vacating the order dismissing the action and restoring the action for trial as to Bridget O'Hara is dismissed; and the remainder of the first order, and the second order reversed and the cause remanded.

Mr. Justice SANDERSON did not express any opinion.