# THOMAS B. VALENTINE *v.* DENNIS MAHONEY, AND DAVID MAHONEY.

LANDLORD BOUND BY JUDGMENT AGAINST TENANT.—In an action of ejectment against a tenant, if the landlord assumes the defense and puts his title in issue, the judgment rendered therein binds him, as evidence by way of estoppel, the same as though he was made a party defendant.

DEFENDANTS IN EJECTMENT.—The law laid down in *Garner* v. *Marshall*, 9 Cal. 270, that the provision of the thirteenth section of the Practice Act, "that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff," is not applicable to actions of ejectment, is discussed.

TITLE ACQUIRED AFTER JUDGMENT IN EJECTMENT.—Although a judgment in ejectment does not estop a party against whom it is rendered from relying on a title acquired subsequent to its rendition, or a title not in issue in that action, yet the holding and production in evidence of such after acquired title does not preclude the party in whose favor the judgment was rendered from producing it also in evidence.

TITLE UNDER VAN NESS ORDINANCE.—It was not the possession mentioned in the
  Van Ness Ordinance that conferred title, but the legislative confirmation of the
  ordinance.

IDEM.—Title under the Van Ness Ordinance dates not from the time possession of
  the land was taken, but from the time of the passage of the Act confirming the
  ordinance.

IDEM.—The Van Ness Ordinance vested the title in a person not in possession by
  himself or tenant on the 1st day of January, 1855, provided such person had
  been in possession before that time, and his possession had been interrupted by
  an intruder, and could be recovered by legal process.

REBUTTING EVIDENCE.—If the plaintiff in ejectment relies on title by possession,
  he cannot introduce evidence on that point and rest, and then, if the defendant
  proves a prior possession, introduce evidence of a still older possession in himself
  by way of rebuttal.

VAN NESS ORDINANCE.—It cannot be said that one person-acquired a better title
  than another under the Van Ness Ordinance. The one having the requisite
  possession took the title; the other took nothing.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

This was an action of ejectment, to recover possession of a
tract of land in San Francisco, commenced October 31st,
1861. The complaint was in the usual form. The defendants
in their answer set up, by way of estoppel, that on the 10th
day of March, 1857, defendant Dennis Mahoney commenced
an action in the District Court of the Twelfth Judicial District
against John Wilson and others to recover possession of the
same land, and that an issue was made therein as to whether
said Dennis Mahoney or Wilson and others were the owners,
and the Court found therein as a fact that said Dennis and
David Mahoney were in possession of the land, but were
ousted therefrom by Wm. D. Mann about the 1st day of
July, 1853, and that Wilson and others, defendants, were the
tenants of said Mann, and that said Mahoneys recovered ·
judgment in the action for possession of the land, and were
afterwards placed in possession of the same by virtue of
the judgment.

During the trial the defendants were permitted to prove
by parol testimony, against the objection of the plaintiff, that
said Mann employed counsel in the suit of *Mahoney* v. *Wil-
son*, and defended the suit and put his title in issue. The

defendants recovered judgment, and the plaintiff appealed. The other facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellant.

The record of a judgment binds no one *as evidence* or *estoppel*, except the parties to the record. The decisions of this Court establish the principle that no notice of a suit, except the service of summons or appearance, will bind a person. It is no matter how fully the person is informed of the existence of the suit. (*Pico* v. *Webster*, 14 Cal. 203.) At common law the record of the action of ejectment did not bind the landlord. (*Ainslie* v. *The Mayor, etc., of New York*, 1 Barb. S. C. 169.)

*Sharp & Lloyd*, for Respondents.

The judgment in *Mahoney* v. *Wilson* is binding upon the plaintiff in this suit. (*Dutton* v. *Warschauer*, 21 Cal. 619; *Wheelock* v. *Warschauer*, 21 Cal. 309.)

Counsel for appellant lays stress upon the proposition that no person can be deprived of his property without his day in Court after due notice, and argues thence that due notice can be given only by summons. If that is correct, then it is impossible for the landlord to be estopped under any circumstances; for, according to *Hawkins* v. *Reichert*, 28 Cal. 536, and other cases, it is well established that when the lands are in possession of a tenant, the tenant and not the landlord is the proper party defendant; and, according to *Dimick* v. *Deringer*, 32 Cal. 491, "the landlord is neither a necessary nor proper party defendant, and if he is made a party, the Court, on the hearing, will, on motion, order a nonsuit as to him." Now, if the landlord is neither a necessary nor a proper party, then he is not entitled to service of summons. If he is not a necessary nor proper party—if he cannot be made a party by process—how shall he make himself a party? Can he have his name substituted for the tenant's? If so, then the suit would no longer be against the person in pos-

session; and if judgment should be then entered against the landlord, the tenant being no longer a party, the writ of restitution would be of no force against the tenant, as he came in under the landlord, *not* since the suit; and not being a party, he could not be removed.   (See *Hanson* v. *Armstrong,* 22 Ill. 442; 2 Smith's Leading Cases, Ed. 1865, p. 821; *Adams* v. *Preston,* 22 How. 473; *Peterson* v. *Lathrop,* 10 Casey, 223; *Doe* v. *Chillis,* 17 Q. B. 166; *Chirac* v. *Rheinecker,* 2 Peters. 617; *Chambers* v. *Lapsley,* 7 Barr, 24.)

By the Court, RHODES, J.:

The record is in such a condition as to impose upon the Court and counsel much unnecessary labor in reviewing the case.   There was a general decision for the defendants, without any express finding of facts, and it is impossible to ascertain from the record upon which one of the several issues the decision turned—whether upon prior possession, or title under the Van Ness Ordinance, or the effect of the judgment in *Mahoney* v. *Wilson.*   Counsel are under no legal or perhaps professional obligation to prepare findings; but it is apparent that, if the facts in this case had been expressly found, the points on appeal would have been narrowed, and a conclusion might be reached without examining all the points now presented.

The defendants introduced in evidence the judgment roll and papers in the case of *Mahoney* v. *Wilson et al.,* the action having been commenced in 1857 and the judgment rendered in 1859.   The defendants were the tenants of Mann, through whom the present plaintiff claims.   Mann, though not sued, defended the action, and his title was put in issue.   The plaintiff objected to the admission of the judgment in evidence, on the ground that it did not bind Mann, and also because Mann subsequently acquired a title to the premises, which was not in issue in that case—that is, title under the Van Ness Ordinance.

The first ground presents the question whether the landlord is bound by the judgment in an action of ejectment brought against the tenant, in which the landlord assumes the defense and puts his title in issue.    Judgments bind parties and privies, but do not extend to strangers in person and estate.    This is the general rule, but neither the benefits of judgments, on the one side, nor their obligation, on the other, are limited exclusively to parties and their privies.  A purchaser *pendente lite*, with notice of the action, is bound by the judgment—that is, the property purchased is bound—when the judgment is against his vendor, and he has the benefits of the judgment, when in his vendor's favor.  Judgments against corporations in certain cases, are conclusive upon the members of the corporation.  Sureties upon certain classes of bonds or undertakings are bound by judgments against their principals.  Judgments of ouster against intruders into public offices, judgments *in rem*, judgments declaring the personal *status* of parties, are conclusive upon all the world.   The rule of evidence in respect to these matters is reciprocal, and where the judgment would be admissible in evidence against a party, when it was against the right under or through which he claims, it would also be admissible in his favor when the judgment was the other way.

It was decided at an early day in this Court, that the provision of the thirteenth section of the Practice Act that " any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff," was not applicable to actions of ejectment, ( *Garner* v. *Marshal*, 9 Cal. 270,) and that construction has prevailed to the present time. But it is readily seen that in all cases in which the defendant is holding under a lease and the lessor's title is in issue, it is proper, if not necessary, that the latter should have an opportunity to participate in the defense, for no one is as competent to present and defend his title as he.    The landlord having been in possession and having transferred it to the tenant, ought not to be deprived of the possession at the expiration

of the term by proceedings in which he could take no part. And, on the other hand, the party holding the true title might be kept out of possession for years, should the person claiming the adverse title lease the premises to different persons for such short terms that the tenancy of any one would expire before a suit against him could be prosecuted to final judgment. But this construction of that section has been too long maintained to be departed from by the Courts, and if a change in the rule is desirable or necessary, it must come from the Legislature. Considerations of the character alluded to have induced the Courts to give some regard to the rights and position of the landlord, and it is held that when the tenant has notified the landlord of the pendency of the action, and has permitted him to appear and defend in the tenant's name, the tenant cannot interfere with any subsequent proceedings to the prejudice of the landlord. (See *Dutton* v. *Warschauer*, 21 Cal. 619; *Calderwood* v. *Brooks*, 28 Cal. 156: *Dimick* v. *Deringer*, 32 Cal. 488.) In *Dutton* v. *Warschauer*, although the opinion of Mr. Chief Justice FIELD was not expressly concurred in by Mr. Justice COPE and Mr. Justice NORTON, it is apparent that the case is authority for the position above stated, from the fact that the tenant, who was the defendant, executed a release of errors, and that, notwithstanding this, the Court, at the instance of the landlord of the defendant, reviewed the cause and reversed the judgment. If the landlord, though not nominally a party to the record, when once permitted by the tenant to appear and defend the action, can insist upon the right to conduct the defense from that point, this right cannot spring from the notice from the tenant to assume the burden of the defense, but proceeds from the fact that he will be affected by the judgment. Would it not be an anomaly in practice to permit a person to defend an action upon a particular issue, and immediately thereafter to litigate the same matter in another action with the same adversary, in total disregard of the judgment in the former action? The judgment is conclusive, both upon the landlord and tenant, in a subse-

quent action between them involving the issue of eviction
of the tenant by virtue of the judgment, (*Wheelock* v. *War-schauer*, 21 Cal. 309; *Wheelock* v. *Warschauer*, 34 Cal. 265,)
and this is another instance in which the judgment binds
others than the parties to the record and their privies.   A
possible future controversy between the landlord and tenant
was not the only or the principal purpose in view in securing
to the landlord the right to defend the action in the tenant's
name, but it was that the issue between the plaintiff's and
the landlord's title might be litigated and determined.   If
the judgment, when for the plaintiff, would not bind the
landlord, he could not avail himself of its benefits when it
was for the tenant.   It is impossible to conceive that the
Courts should concede to a person the right to participate in
an action without his being bound or benefited by its results.
It is admitted by the counsel for the plaintiff that the writ
which issues upon the judgment against the tenant may be
enforced against the landlord, but he denies that the judg-
ment binds him as evidence or by way of estoppel.   As the
right of possession issues from title, can it be said that a
person could be affected by a judgment awarding the pos-
session, and remain unaffected by the determination as to
the title upon which the possession was awarded?

Is not the position of the landlord who defends the action
against his tenant quite similar to that of the holder of a
non-negotiable *chose in action* who sues in the name of
the legal holder, but for his own use?   Such actions were
of frequent occurrence in many of the States previous to
the adoption of the provision that actions should be brought
in the name of the real party in interest.   The assignor was
the nominal party, but the person for whose use the action
was brought was the real party, and as to him the judgment
was an "instrument of evidence."

*Ainslie* v. *The Mayor of New York*, 1 Barb. 169, upon which
great reliance is placed by the plaintiff, cannot be regarded
as authority here, without overthrowing all the cases in this
Court, which concede to the landlord, after notice from the

tenant, the right to conduct the defense to the action. It is said there that the landlord may have had a perfect title, and the tenant may have admitted the plaintiff's title in such a manner as to be concluded by the admission, and, therefore, the defense must fail; but here, where the landlord may conduct the defense in his own manner, without the control of the tenant, that result is not possible. In our opinion the Court did not err in the admission of the judgment in evidence. (2 Smith's Leading Cases; American Notes to *Duchess of Kingston's Case ; Peterson* v. *Lathrop,* 34 Pa. 223; *Hanson* v. *Armstrong,* 22 Ill. 443.)

The position that a judgment will not estop or preclude a party against whom it is rendered from relying upon a title acquired subsequently to the rendition of the judgment, or a title not in issue in that action, is too clear and well settled to require argument. But, although the party holding such after acquired title may offer it in evidence, the holding and production of it in evidence will not preclude the party in whose favor the judgment was rendered from producing the judgment also in evidence. The after acquired title is not necessarily the better title, and the relative strength of it, and that upon which the judgment was based, is to be tested, not upon the question of the admissibility of either, but in the same manner as that of any other conflicting titles.

The newly acquired title relied upon by the plaintiff is title acquired under the Van Ness Ordinance and the confirmatory Act of the Legislature. The plaintiff claims that this title accrued after the suit of *Mahoney* v. *Wilson* was determined. But it is not necessary to go to that length, for if he did not hold the title at the time the issue of fact was joined in that action, or if acquired intermediate that time and the rendition of the judgment, it was not set up by supplemental answer, and it was unaffected by the judgment, for the very sufficient reason that it was not involved in the action. It is enough for the plaintiff to show that the alleged newly acquired title was not in issue in the action, without showing that it was acquired after the judgment.

We use the name of the plaintiff instead of that of his grantors for convenience. One of the positions of the defendants upon this question is untenable. It is that if the plaintiff acquired title under the ordinance, he held it previous to the commencement of the action in 1857, as the *possession*, which entitled the holder to the benefits of the ordinance, must have been maintained from the 1st of January, 1855, up to the introduction of the ordinance in the Common Council, unless interrupted by an intruder or trespasser. It was not the possession mentioned in the ordinance that conferred the title, but it was the legislative confirmation of the ordinance. The persons so in possession were the grantees. The possession was not a source of title, but was the mode adopted to designate the persons to whom the title should pass under the ordinance.

Did the plaintiff acquire the title under the ordinance? It was found as a fact in *Mahoney* v. *Wilson* "that on or about the 1st day of June, 1853, the plaintiff and one David Mahoney entered upon the land described in the complaint in this action, and inclosed the same with a substantial fence, and occupied and continued to occupy the land in dispute, and had the quiet occupancy and exclusive possession of the same until on or about the 1st day of July, 1853," when the plaintiff's grantor entered and ousted the Mahoneys from the possession of the premises. The second section of the ordinance (Stats. 1858, p. 52) grants the lands "to the parties in the actual possession thereof, by themselves or tenants, on or before the 1st day of January, 1855; * * * provided such possession has been continued up to the time of the introduction of this ordinance in the Common Council, or, if interrupted by an intruder or trespasser, has been or may be recovered by legal process." The judgment in *Mahoney* v. *Wilson* being admissible in this action, as we hold, the finding is conclusive evidence of the actual possession of the defendants at the time stated, and of the interruption of such possession by the plaintiff; and the judgment conclusively determines that such possession might be recovered

by legal process. It, therefore, becomes necessary to examine the other evidence in the case, to ascertain which party appeared therefrom to have had the actual possession required by the ordinance, as it would not displace the conclusive effect of the finding and judgment in *Mahoney* v. *Wilson.*

At the trial the plaintiff moved the Court to be allowed to prove a *prima facie* title under the Van Ness Ordinance, and if the defendants should offer evidence tending to show an older possession, within the proviso of the Van Ness Ordinance, that then he should be allowed to disprove " the case so made, or show an older possession by way of rebuttal; " and the Court thereupon ruled that he must introduce all his evidence as to the title and possession before resting. We do not understand that the Court ruled that it would, or, in fact, did refuse to permit the plaintiff " to disprove the case so made," but only held that evidence to show an older possession than such as the defendants might prove was not admissible by way of rebuttal. The ruling was correct, we think, in any aspect in which it may be viewed. The proposed evidence was clearly evidence in chief. Possession, as we have already remarked, does not constitute title under the ordinance, but title passes by virtue of the grant contained in the ordinance. The title given to any parcel of land did not vest in two persons consecutively, and it cannot be said that one person acquired a better or an older title than another under the ordinance. The one having the requisite possession took the title, and the adverse claimant took nothing. The proposed evidence of prior possession— accompanied of course by evidence of interruption by a trespasser or intruder, to be of any value under the ordinance —would directly tend to show that the plaintiff acquired the title, and it was, therefore, evidence in chief. It would not tend to controvert or disprove the fact that, at a given time thereafter, the defendants were in the actual possession.

SAWYER, C. J., concurring:

When the landlord appears upon the record to have taken upon himself the defense for his own interest of an action for the recovery of land, either in his own name or in the name of the tenant, I do not see why the judgment should not be binding upon him as an instrument of evidence, or why he is not estopped as to the matters in issue and determined in the same manner and to the same extent as he would be if a defendant in the action. In such case he is not only substantially the party to the action, but he appears so to be by the record itself. I think, however, it would be dangerous to extend the rule to cases where there is nothing in the record of the action tending to show that the landlord took the defense of the action upon himself. The parties to be estopped ought certainly to be indicated by the record itself. Any other rule would be exceedingly loose, unreliable and unsatisfactory, and would lead to great abuses. The only difficulty I have in this case is as to whether it sufficiently appears in the record in connection with the other evidence, that the landlord did assume the defense in the former action of *Mahoney* v. *Wilson.* An affidavit was filed in that action in behalf of Mann, stating that he was one of the owners of the lands occupied by the defendants, and was their landlord; that he had retained counsel to intervene and defend the suit; that there was collusion between the defendants and plaintiff; that they had neglected to notify him of service of process; that no process had been served on said Mann, or returned, but that plaintiff was about to enter judgment; that said Mann had a good defense —but, being absent, his counsel were not then able to intervene and answer; and upon such affidavit, his counsel procured a stay of proceedings to enable Mann to properly intervene. Afterward a defense was made by the same counsel who made the application for Mann, but in the names of the tenants themselves. I am inclined to think that it is sufficiently manifest from this portion of the record, supported

as it is by the other evidence in the case, that Mann was the party in interest who made the defense for his own benefit in the name of his tenants, who were the formal defendants upon the record. Regularly it should appear by an order made in the case that the landlord has appeared and become party defendant, or that he has been permitted to defend the action in the name of his tenant. It is not so stated in the record, however, but I think, upon the whole, that the fact is sufficiently manifest. I therefore concur in the conclusions attained by my associates.