JOSEPH RUSSELL, APPELLANT, *v.* T. C. MALLON AND EDWARD WEEKS, RESPONDENTS.

WHEN LANDLORD BOUND BY JUDGMENT AGAINST TENANT.—In an action of eject-ment against a tenant, if the landlord assumes the defense and puts his title in issue, the judgment rendered therein binds him as evidence by way of estoppel, the same as though he was made a party on the record.

Decided on authority of *Valentine* v. *Mahoney,* (37 Cal. 389.)

APPEAL from the District Court of the Fifth District, San Joaquin County.

The suit was brought December 15th, 1866, to recover a lot of ground situated in the City of Stockton.

The answer by defendant, Weeks, set forth, and the findings by the plaintiff, sustain the following allegations:

That on the 3d day of March, 1866, the premises in dis-pute were in the possession of his co-defendant, Mallon, as tenant of the present plaintiff, on which day the said Weeks commenced suit against him for the same, alleging that he (Weeks) was the rightful owner of the same ; that the

answer of said Mallon denied the allegations of ownership of Weeks; that the present plaintiff (Russell) was notified of said action, and that he employed an attorney to appear for Mallon, and to manage and conduct the defense; that thereafter the said Russell, by his attorney, did appear and make defense to the said action, and in all things contradicted and denied the proceedings therein, until after final judgment therein ; that on the trial of said action, the said Russell offered evidence of his title to the premises, and Weeks offered evidence of his title also; which being received and considered by the Court, judgment was rendered in favor of said Weeks for the possession of the lot in controversy.

The judgment in the case of *Weeks* v. *Mallon* being offered in evidence, the plaintiff objected, on the ground that the same was irrelevant, there being nothing in the record to show that the plaintiff Russell was in any manner a party to the suit. But the Court admitted said judgment in evidence, and the ruling is here assigned in error.

*M. G. Cobb*, for Appellant.

The question is, does the simple appearance of a landlord in behalf of his tenant—a defendant in ejectment—without any record to that effect, work an estoppel of record against the landlord ?

In the light of the cases cited, from the necessity of the thing, and from the very nature and effect of a judgment, the answer seems obviously, No. (*Doe* ex dem. *Locke* v. *Franklin*, 7 Taunton, 9 ; *Kellogg* v. *Forsyth*, 24 *How.* 186 ; *Dutton* v. *Warschauer*, 21 Cal. 609 ; *Dimmick* v. *Derringer*, 32 Cal. 488.)

Justice RHODES says, in *Calderwood* v. *Brooks*, (28 Cal. p. 156): "The recovery in ejectment by the plaintiff is evidence that at the commencement of the action, the plaintiff was entitled to the possession as against the defendant; but in order to constitute it evidence against a third person not claiming under the defendant, it must be shown that the third person bore such a relation to the defendant's title, *that it was his duty to have defended the action upon the requisite*

*notice thereof being given, and that he had a proper opportunity to make a defense founded upon his title."*

When Justice RHODES says: "It must be shown" etc., that it was the duty of the third party *"upon requisite notice,"* etc., he undoubtedly means it must be shown *by the record itself;* and the requisite notice is the notice referred to by Chief Justice Field, in *Dutton* v. *Warschauer*—"But such appearance or substitution should be entered of *record, and only allowed upon notice to the parties.*"

In *Dimmick* v. *Derringer* (32 Cal. 488), the same Justice, after having said that the landlord is neither a necessary or proper party defendant, etc., says: "The landlord may, however, in most cases, and perhaps in all, in which his title is drawn in issue, *be permitted to assume the defense and defend* the action *in the name of his tenant; but there is no other mode in which he can come into the action.*"

Any other rule than the one suggested would reduce judgment records to the level of acts *in pais.*

In the case at bar, the plaintiff, Weeks, in the judgment offered by way of estoppel, might, First—Have made Russell a defendant, knowing as he did that Russell was the landlord of Mallon; Second—After Russell appeared, he might have had his appearance and substitution for Mallon, the tenant, entered of record. Not having taken the precaution, he has no one to complain of but himself.

*John B. Hall* and *L. T. Carr*, for Respondents.

The appellant contends that the Court erred in admitting the record in *Weeks* v. *Mallon*, because there was "nothing in the record itself to show that the plaintiff was privy of record to the suit."

If the principle asserted by the appellant in this proposition be correct, then it must follow, as a logical consequence, that the action of ejectment, although brought on strict legal title, determines nothing against the outstanding title under which the defendant claims, unless the defendant's grantor is a party to the record; and as the *person in possession* is the *proper* party defendant, and the *only* party, a landlord, by keeping a tenant in possession, may secure *a day more* in

Court than, by the old rule, is accorded to a litigant.  He may first defend, in the name of his tenant, and then, by stepping into possession, just as the tenant is yielding to the adverse adjudication, be in position to renew the contest.  A principle like this is subversive of the ancient rule, which forbids multiplicity of suits, and gives to every one his *day*, and no more ; and it is equally opposed to the theory and object of the action of ejectment, and, in short, would often destroy the remedy entirely.  The owner would be compelled, unless he was willing to encounter double trouble and expense, to await, for the commencement of his action, the landlord's pleasure in resuming personal possession ; for without such *possession* in *person*, the action must fail.

"The action being a possessory action, and being required, as we have always held, to be brought against the person in possession—the occupant of land (*Hawkins* v. *Reichert*, 28 Cal. 536, and cases there cited), when the lands are in possession of a tenant, the tenant, and not the landlord, is the proper party defendant.  The landlord is neither a necessary or proper party defendant; and if he is made a party, the Court, on the hearing, will, on motion, order a nonsuit as to him." (*Dimmick* v. *Derringer*, 32 Cal. R. p. 488.)

By the answer of Mallon (in *Weeks* v. *Mallon*), the plaintiff in that suit was put upon proof of his legal title, and the defendant in the same suit had a right to defeat it by showing a paramount legal title *in himself or his grantor*, Russell. (*Marshall* v. *Shafter*, 32 Cal. R. 176.)

"Where the title of the landlord is set up in defense to the action, and the *landlord appears and defends* the action, *at the request of the tenant*, and in his name, he cannot be heard to say, in a contest with the tenant, that the tenant was not ejected by paramount title." (*Wheelock* v. *Warschauer*, October Term, 1867.)

Rhodes, J., delivered the opinion of the Court :

The question here presented is the same as that which was discussed and passed upon in *Valentine* v. *Mahoney*

(37 Cal. R. 389), which is, whether a judgment in an action of ejectment, in which the landlord of the defendant defends the action for and in the name of his tenant, and puts his own title in issue, is admissible in evidence, by way of estoppel, in an action of ejectment brought by the same plaintiff against such landlord. Upon the authority of that case, we hold that the Court below correctly admitted the judgment in evidence. That judgment being decisive of the question of title, it becomes unnecessary to consider the question of admissibility or effect of the judgment in the action of Russell against Weeks to quiet the title to the premises.

Judgment affirmed.

SAWYER, C. J., expressed no opinion.