[No. 1,874.]

## JOSEPH R. CORWIN *v.* JOHN BENSLEY, MANSFIELD COMPTON, FREDERICK MASON, and FRANCIS DUMARTHERAY.

Motion to Set Aside a Judgment.—If, under the sixty-eighth section of the Practice Act, authorizing the Court to relieve a party, or his legal representatives, from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, a motion is made, by persons other than the plaintiff, claiming to be his legal representatives, to set aside a judgment, and to be substituted as plaintiffs, the parties making such motion must show such a state of facts as would have supported such an application by the plaintiff in the judgment.

IDEM.—Possibly the above rule would not apply in case of an executor or administrator, moving in behalf of creditors, to open a judgment collusively or negligently suffered by the testator or intestate, by which the creditors may be damnified.

LIS PENDENS.—The point not decided, whether a *lis pendens* filed by a plaintiff, in an action to try the title to land, in which the defendants set up title in themselves, and ask for affirmative relief, imparts notice to purchasers from such plaintiff pending the action, of the pendency of the same, and the possible result that his title might be adjudged invalid.

PURCHASERS OF LAND PENDING ACTION TO TRY ITS TITLE.—If such a *lis pendens* is filed in an action to try the title to land as imparts notice to purchasers from a party to the action, during its pendency, such purchasers must apply for leave to protect their interest in the suit.

IDEM.—A person buying land, without notice of the pendency of an action to try its title, is not affected by a judgment in the action, and, therefore, cannot support a motion to set aside such judgment, under the sixty-eighth section of the Practice Act.

IDEM.—If, during the pendency of an action to try the title to land, the plaintiff sells, and afterwards stipulates to a judgment in favor of the defendants, his grantees cannot support a motion to set aside the judgment, under the sixty-eighth section of the Practice Act.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The facts are stated in the opinion.

*James McM. Shafter,* for Appellants.

As to the first point, we deny that a stranger to the record can be permitted to interfere with the judgment upon motion merely.

Before judgment a grantee, pending the action, must petition to be allowed to intervene, and hearing must be had upon this petition, and the right to intervene must be first decided. If affirmatively disposed of, then he becomes a party to the controversy. If the right to thus interpose before judgment is only obtained by force of the statute, how can it be claimed, in absence of such statute, that a stranger can interfere in the action after judgment? It seems that this precise point was decided in *Dimack* v. *Deringer,* 32 Cal. 488. In that case, a landlord whose

tenant, "by neglect or design," had been defaulted in ejectment was denied the right to move in his own name to set aside the judgment.

We submit, the only way a stranger to a judgment can attack it in his own name, and on his own behalf, is to treat it like any other fact *in pais*, and enforce his claim—not to set it aside, but to have it declared of no effect as to him, on any ground which may be deemed sufficient. If the claim was sound it could only extend to the affirmative relief, and that portion of the judgment declaratory of title should stand.

The statute gives the power to set aside the judgment, upon the ground of the "mistake," etc., of the party to the record. The application can be made in the name of the party on behalf of "his legal representatives;" but the ground of the application must be "personal" to a party. The relief is from a "judgment, order, or other proceeding taken against him through his mistake," etc. The mistake of Corwin's grantees is of no consequence, except as it may explain their delay in making their application. The mistake must have been that of Corwin himself. No such mistake occurred as to him.

That "legal representative," in section sixty-eight of the Practice Act, was not used by the Legislature as synonomous with assignee, or successor in interest, or grantee, is evident from the fact that they have, *ex: industria et in pari materia*, used those particular phrases in this Act, wherein the idea was involved, in their required expression. As to parties to actions, up to section sixteen, there is great care to provide for every contingency, so that "the real party" should appear upon the record. In section sixteen the case of transfer before judgment is provided for, and the grantee is called, not the "legal representative" of a party, but "the person to whom a transfer is made." Up to trial the only thing a "successor in interest" can do relative to the

case is to apply to be made a party. (Sec. 55.) In section sixteen, "In case of death or other disability, the Court may allow the action to be continued by or against his representative or successor in interest." These terms are not used as convertible, but are descriptive of different characters. (Bouv. Law Dict. 357.)

*W. W. Cope,* for Respondent.

The application was addressed to the sound discretion of the Court below, and unless it can be seen that its discretion has been abused the order will not be reversed on the merits. (*Roland* v. *Kreyenhagen,* 18 Cal. 455; *Woodward* v. *Backus,* 20 Cal. 137; *Bailey* v. *Taaffe,* 29 Cal. 422.)

A party entitled to relief must generally ask it in his own name; and there is nothing in the present case to take it out of this rule. There is no doubt that Stevens and Sweeny are the legal representatives of the plaintiff, within the meaning of the statute; and the statute provides that relief may be granted either to a party or his legal representatives. (Prac. Act, Sec. 68.)

The case of *Dimick* v. *Deringer,* 32 Cal. 488, was decided on a ground peculiar to the class of cases to which it belongs. The motion there was by a landlord to set aside a judgment in ejectment against his tenant; and it was held that the motion was improper, for the reason that the landlord could not be made a party to the proceedings. The tenant was the only person against whom the action could be maintained, and it was necessary that the defense should be conducted in his name. The landlord could not be substituted in his place, and was not in any sense his legal representative. The motion, therefore, was unauthorized by the statute; and the decision proceeded on a substantial and not on any technical ground. There is nothing in the case giving the slightest support to the objection taken here, and there are several cases which, according to our reading, are

directly opposed to it.   (*People* v. *Lafarge*, 3 Cal. 130, and cases already cited; see, also, notes to Sec. 68 of Prac. Act, by Parker.)

The statute provides that relief may be granted on the ground of surprise, mistake, or excusable neglect; and the proposition is that these grounds must exist with reference to the party to the record.

We see nothing in the statute requiring such a construction, and it would certainly be in conflict with the spirit and meaning of the provision.   (*Montgomery* v. *Ellis*, 6 How. N. Y. 326.)

By the Court, WALLACE, J.:

Corwin brought an action in the District Court of the Twelfth Judicial District against Bensley, Compton, Mason, and Dumartheray, in June, 1864, filing a *lis pendens*, and alleging himself to be the owner in fee and in possession of certain lands, consisting of several blocks, among the rest block one hundred and two, in the Potrero Nuevo survey, in the City and County of San Francisco, to which lands he alleged that the defendants claimed title adversely to him, etc., and prayed that the claim of title on the part of the defendants be adjudged to be invalid, etc.

The defendants, Bensley, Mason, and Dumartheray, filed an answer, in which they denied the possession of Corwin, and set up title in themselves to the lands in controversy, and demanded judgment for their costs—this answer was filed in July, 1864.  In November, 1866, the defendants, under a stipulation they had obtained for that purpose from the attorney of Corwin, filed an amended answer, in which they again denied the possession of Corwin, and set up their own title to the premises; alleged that if Corwin was in possession, he was wrongfully so, and concluded with a

prayer that the defendants be adjudged to be owners, and that they recover possession of the premises, etc. No notice of *lis pendens* seems to have been filed by the defendants. Upon motion of the defendants the cause was, within a few days after the filing of the amended answer, transferred to the District Court of the Third Judicial District, for the County of Alameda, for trial, in which Court, in March, 1868, in pursuance of a stipulation filed, a judgment was rendered in favor of the defendants, adjudging them to be, and to have been, at the commencement of the action, the owners of the premises, and that they recover the possession thereof without damages and costs. In December, 1865, pending the action, Corwin had conveyed block one hundred and two to one Conway, who subsequently, in August, 1867, conveyed it to Stevens and Sweeny, and these last, being in possession, were turned out on the 2d of April, 1868, under process issued upon the judgment of March, 1868. Stevens and Sweeny thereupon moved the Court below for an order setting aside the judgment as to that block, and allowing them to be substituted as plaintiffs in the action in which it had been rendered, with leave to prosecute it for their own benefit. This motion was granted, and the defendants, Mason and others, bring this appeal from the order.

The motion of the respondent was made upon the provisions of section sixty-eight of the Practice Act, authorizing the Court to *relieve a party, or his legal representatives, from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.* Supposing, for the purposes of the case, that the respondents, who derive their title mediately from Corwin, are his " legal representatives " in the sense intended by the statute—a proposition to which I am by no means prepared to assent—I am of opinion that such legal representatives must be held to show such a state of facts as would have supported a similar application upon

the behalf of the party whom they claim to represent—
unless, possibly, in a case of an executor or administrator
moving in behalf of creditors to open a judgment collusively
or negligently suffered by the testator, or intestate, by which
the creditors may be damnified. Ordinarily the successor
in interest of a party to an action, if he would appear, must,
in making his appearance, occupy the position of his prede-
cessor, and, as succeeding him in the case, must be bound
to the same extent to which the predecessor would have
been bound had the application been made in his behalf.
It is unnecessary to determine in this case the effect of the
*lis pendens* filed by Corwin—if it is to be considered as im-
parting notice to his grantees of the pendency of the action
he had brought, and of the possible result that his title
might be adjudged to be invalid in that action, it would
have been the duty of the respondents, in the exercise of
ordinary prudence, to have applied for leave to protect their
interest during the six months and upwards which actually
intervened between the delivery to them of the deed under
which they claim, and the entry of the judgment which
they now seek to vacate. If, on the other hand, they are to
be considered as having purchased without notice of the
pendency of the action, it would result that their title, not
being affected by the judgment as rendered, they cannot
support an application to set it aside, any more than could
any other person whose rights were not affected by it.
These are considerations, however, which do not arise in
the case. I am of opinion that if the vendees of Corwin
can be heard at all in such a proceeding as this, in opposition
to the judgment, they can be heard only as Corwin himself
might have been heard, and that the appellants must be
allowed to resist the application upon any ground of which
they might have availed themselves had it been made by
Corwin. If in such an application the moving party is to
be heard upon new grounds of contest arising out of the

mere conduct of the suit itself, it would be, in effect, the institution of a new suit under the name of a substitution or an intervention into an old one. Such a practice, if permitted, would tend to confuse and seriously embarrass the administration of justice in the Courts, and, in my opinion, is not countenanced by the statute referred to. If the respondents have rights in the premises, they can be asserted in an independent action brought for that purpose.

I therefore think that the order should be reversed.

RHODES, J., concurring:

I concur in the judgment, not only on the grounds stated in the foregoing opinion, but also on those mentioned in the former opinion in this case.

Mr. Justice CROCKETT dissented.

[The following is the opinion referred to by Mr. Justice RHODES in his concurring opinion. It was delivered by Mr. Justice RHODES at the April Term, 1869, and a rehearing was afterwards granted. Mr. Justice SANDERSON and Mr. Chief Justice SAWYER concurred.—REPORTER:]

The first point of the appellants is fatal to the order setting aside the judgment. Authority for the proceedings, it is claimed, is found in the sixty-eighth section of the Practice Act. The orders therein provided for are such as may be obtained in the usual and regular course of proceedings. They are proceedings in the action, or in the direct line of the judgment, if taken after judgment. No authority is thereby given to any person to intervene and take the proceedings, or the judgment, out of the hands of the parties; but there the rule in all actions obtains, that the parties to the action alone are entitled to be heard, and make the motions, and obtain the orders in the cause. The section

provides that the Court may, "upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representative, from a judgment, or order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect;" and this is relied upon as authorizing persons who have purchased the property in controversy from the plaintiff *pendente lite,* to move, in their own name, to set aside a judgment against the plaintiff. The answer to this position is: the plaintiff is not dead. The "legal representative" mentioned in the section is he who is authorized to take the place of a party in the action, made *vacant* by his death. Assuming that the moving parties had acquired the plaintiff's interest in the premises, the obstacle in the way of their taking any step in the action is the fact that they had not become parties to the action. They could not be substituted for the plaintiff *after judgment*—at least we have never heard of such a case, and no reason occurs to us why a substitution should be allowed at that stage of the action—and until they had become parties to the action, they could not participate in the proceedings.

It is provided by section sixteen that in the case of a transfer of interest, such as is set up in the moving papers, the action may be continued in the name of the original party, or the person to whom the transfer is made may be substituted in the action. In the first case all the proceedings are in the name of the party to the record, but for the benefit of the person in interest, and the latter person, though the proceedings are for his benefit, and though he virtually controls the prosecution or defense of the action, as the case may be, can proceed only in the name of the original party, and he could not refuse his consent to the use of his name for that purpose. Here, however, not only was the action not prosecuted for the benefit of those to whom the title of the plaintiff was transferred, but they did not know, as they allege, of the pendency of the action.

They might also have intervened in the action had they been apprised of its pendency, and they would have been entitled to be heard as parties, but having failed to intervene during the pendency of the action, are they authorized to intervene after final judgment? This is, in fact, an intervention after final judgment—a proceeding wholly unauthorized by the statute.

If these parties could make the motion, and were entitled to the order granted in this case, then there is no reason why they could not have taken any other step in the action that the plaintiff was authorized to take. Suppose that, instead of this motion, they had moved for a new trial, or had taken an appeal, will it be contended that they could have been heard? We think no one would so assert. If not, then they were not entitled to make this motion. (See *Dimick* v. *Deringer*, 32 Cal. 488.)

But leaving this question, and coming to the question of merits, it will be seen that the moving parties encounter insuperable obstacles. Judgments bind parties and their privies in representation and estate. The estate in land which is held by the party, against whom the judgment is rendered, and which is affected by the judgment while in his hands, is equally affected and bound, into whose soever hands it thereafter comes. And the law goes one step further, and binds all the estate held by such party at the commencement of the action, which was sold to a third person *pendente lite* with notice of the action. The rule declaring that the *lis pendens* was constructive notice to the purchaser from the *defendant*, and bound the estate in his hands, was borrowed from equity, and, after some changes, was incorporated into the statute. (*Sears* v. *Hyer*, 1 Paige, 483; *Parks* v. *Jackson*, 11 Wend. 442; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; 1 Story Eq., Sec. 405; *Bishop of Winchester* v. *Paine*, 11 Ves. 197.)

Our statute first provided for a notice of *lis pendens* to be

given by the plaintiff, but in 1862 it was extended to the defendant, when he claimed affirmative relief. (Sec. 27.) The section, also, provides that "from the time of filing only shall the pendency of the action be constructive notice to the purchaser or incumbrancer of the property affected thereby."

The object of the rule in equity, or of that of the statute, was not to restrict the right of alienation of the prevailing party, but to hold the interest of the losing party subservient to the judgment. The party wishing the benefit of the notice must himself give it, and if he is successful he may disregard the alienations of his adversary, made subsequently to the filing of the notice. We do not understand that the defendants filed the notice. Their judgment, therefore, bound only the estate held by the plaintiff at the time of the rendition of the judgment. The inquiry whether the respondent had actual notice is unnecessary, for, by the terms of the statute, the notice filed with the Recorder is the only notice of the pendency of the action that will bind subsequent purchasers or incumbrancers. (*Richardson* v. *White*, 18 Cal. 102; *Ault* v. *Gassaway*, id. 205.) The suit not having been prosecuted by the respondents, nor for their benefit, and neither they nor their estate being bound by the judgment, it is impossible to see what right they have to attack it.

Order reversed and remittitur ordered to issue forthwith.