[No. 6,120.]

# MᴄCREERY *v.* EVERDING ᴇᴛ ᴀʟ.

Mɪsɴᴏᴍᴇʀ.—Where a party defendant is sued, and answers by a wrong name, and judgment is entered against him accordingly, no advantage can be taken of the misnomer.

Jᴜᴅɢᴍᴇɴᴛ—Esᴛᴏᴘᴘᴇʟ—Lᴀɴᴅʟᴏʀᴅ.—In an action of ejectment against a tenant, if the landlord assume the defense, he is bound by the judgment.

Aᴘᴘᴇᴀʟ from an order refusing to restrain the execution of a writ of possession against Ann Connolly and E. A. Lawrence, Appellants, in the Twelfth District Court, City and County of San Francisco. Dᴀɪɴɢᴇʀғɪᴇʟᴅ, J.

The facts are stated in the opinion.

*E. A. Lawrence,* for Appellants.

The judgment is not against Herman O. Rinaldo, but against Rinaldo Swartzenberger; and petitioners cannot be turned out by a writ against Swartzenberger. (*Ford* v. *Doyle,* 30 Cal. 346.) The complaint must be amended, and the true name inserted. (*McKinley* v. *Tuttle,* 42 Cal. 571 ; *Bohannon* v. *Hammond,* Id. 227 ; *Rosencrantz* v. *Rogers,* 40 Id. 489.

*S. M. Wilson* and *Wilson & Wilson,* for Respondents.

The appellants themselves succeeded to the interests of their tenant. He surrendered to Mrs. Connolly the possession, and she conveyed a part to Lawrence. They had the option to continue the defense in the name of Swartzenberger, or to have themselves substituted. (Code Civ. Proc. § 385.) They exercised their option, and continued to use the name of Swartzenberger. They took the actual defense, and had their day in Court. They are now *estopped* to claim that the name they used to protect themselves was improperly used. The actual parties were before the Court, and had a full and fair trial. The judgment binds them as much as if they were parties to the record. (*Valentine* v. *Mahoney,* 37 Cal. 389 ; *Dutton* v. *Worscham,* 21 Id. 619; *Coldemoor* v. *Brooks,* 28 Id. 156 ; *Dimich* v. *Derringer,* 32 Id. 488; *Wheelock* v. *Warschauer,* 34

Id. 265; *Russell* v. *Mallon*, 38 Cal. 263 ; *Kelly* v. *Forsythe*, 24 Wall. 187.)

Department No. 1, by the COURT (from the Bench) :

This, like the case just decided, is an appeal from an order refusing to stay the execution of a judgment in *ejectment.* The appeal was taken by one E. A. Lawrence and Ann Connolly.

Mr. Lawrence, of counsel, (one of the appellants) presents the point that the surname of one of the defendants in eject-ment who was sued and served, and who appeared in the action (by the same Mr. Lawrence, as his attorney) under the name of *Rinaldo Swartzenberger*, was *not* Swartzenberger, but Rinaldo only.   There is no dispute that the *man* who appeared as de-fendant in ejectment—whether Rinaldo with or without *Swart-zenberger*—was the tenant of Ann Connolly, one of the moving parties in the Court below, and that she or her husband con-ducted the defense in the name of her tenant.   This is not the case of a suit against a defendant by a fictitious name.   The defendant Swartzenberger did not plead a misnomer in abate-ment, but admitted his name to be Swartzenberger—as did Ann Connolly, who conducted the defense for him.   Mr. Lawrence claims under a conveyance from Mrs. Ann Connolly, and both are bound by the judgment against Swartzenberger.

Order affirmed.