[S. F. No. 1830.    Department One. — October 26, 1901.]

## JOHN LOFTIS, Respondent, v. MARY E. MARSHALL, Administratrix, etc., et al., Appellants.

ACTION TO QUIET TITLE — DEED VOID FOR FRAUD — EVIDENCE — FORMER JUDGMENT IN EJECTMENT — ESTOPPEL. — In an action to quiet plaintiff's title to land, as against a deed fraudulently procured by his wife and her son, while plaintiff was incapacitated, a judgment in ejectment against the plaintiff in a former action, brought against the wife and the tenant of the administratrix of a deceased son, to whom the premises were conveyed by the wife, with notice of the fraud, and the administratrix, in her personal capacity, who was not in possession of the land, is not admissible in evidence as an estoppel against the plaintiff, in favor of the administratrix and a child of the deceased son.

ID. — ADJUDICATION IN EJECTMENT — DEFENDANT NOT IN POSSESSION. — An adjudication in ejectment, in favor of a defendant who was not in possession of the property, does not involve the question of the plaintiff's title, as to such defendant, and could not estop the plaintiff to show that he had title, in an action to quiet his title against such defendant.

ID. — JUDGMENT IN FAVOR OF TENANT — ESTOPPEL IN FAVOR OF LANDLORD — PARTIES. — A judgment in ejectment, in favor of a tenant, is not conclusive as an estoppel in favor of the landlord, against the plaintiff in ejectment, unless the landlord appeared openly in the case, and was permitted by the court to undertake the defense to the action, so as to have control of the case as a party thereto; and the fact that the tenant was represented by an attorney employed by the landlord is not sufficient to establish the estoppel.

ID. — SUFFICIENCY OF COMPLAINT — STATUTE OF LIMITATIONS — IGNO-
RANCE OF FRAUD. — Where the plaintiff alleged a fraud, committed
by inducing him to sign a deed while incapacitated from drunken-
ness, and upon the false representation that it was a letter, and
that in pursuance of the conspiracy and the fraudulent and de-
ceitful acts of the persons who committed the alleged fraud, plain-
tiff was kept in ignorance of the grant or deed until a date less than
three years before the commencement of the action, the complaint
sufficiently alleged-the discovery of the fraud within that period.

ID. — IGNORANCE OF SUBSEQUENT DEED AND RECORD. — It was not neces-
sary for the plaintiff to aver ignorance of the subsequent deed from
plaintiff's wife to her son, nor ignorance of the recording thereof.

ID. — DISCOVERY OF FRAUD NOT MATERIAL — VOID DEED — LIMITATION
— ADVERSE POSSESSION. — Assuming the fraudulent deed to be void,
the discovery of the fraud was not material, and an action could be
brought at any time, except as against an adverse possession of five
years.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

James F. Tevlin, for Appellants.

Nagle & Nagle, for Respondent.

SMITH, C. — This suit was brought against the defendant
Mary E. Marshall, as administratrix of Samuel J. Marshall,
deceased, to quiet the plaintiff's title to the land described in
the complaint, against an instrument purporting to be a deed
from the plaintiff to Mary Loftis, his wife (the grantor of the
deceased), and against the claims of the defendants generally.
The other defendants are Margaret Marshall, the only child
of the deceased, a minor, and Mary E. Marshall, in her personal
capacity.   The plaintiff had judgment, from which the defend-
ants appeal.   The facts of the case, as alleged in the complaint
and as found, are as follows: The deed referred to, of date
January 23, 1892, was signed by the plaintiff, then owner of
the land in question, by the fraudulent procurement of his
wife and her son, George D. Marshall.   The plaintiff was at the
time in a drunken condition, and wholly incapacitated from
attending to business, and was induced to sign the deed by
representations made to him by them that it was a letter to
one Horrigan, and by the belief to that effect thus engendered.
The deed was witnessed by George D. Marshall, and was proved

and recorded. Afterwards, Mrs. Loftis, in consideration of love and affection, made a deed of the land to the deceased, Samuel J. Marshall, also her son, who took with full notice of the fraud. Samuel J. Marshall died September 21, 1894, and his administratrix — who was appointed in October, 1894 — took possession of the premises. The sufficiency of the evidence to support the findings is not disputed.

The defendants, besides other matters, pleaded, in bar of the action, the judgment in a former suit brought by the plaintiff against Mary Loftis, Mary E. Marshall, and Michael Maloney to recover the possession of the land now in question, and on the trial the judgment roll was offered in evidence, but, on objection being made to it, excluded, and this ruling, it is contended, was erroneous. This contention presents the principal question in the case.

The position of the appellants in this regard is, that, under the allegations of the complaint, the plaintiff's deed to his wife was not merely voidable, but void, and hence that the plaintiff's action is based upon and puts in issue the legal title, thus presenting the same issue as in the former case. This contention is perhaps correct, in so far as it assumes that upon the facts alleged in the complaint the deed in question was wholly void. (*Hartshorn* v. *Day*, 19 How. 223; 1 Story's Equity Jurisprudence, sec. 60; Newell on Ejectment, 649; Bump's Kerr on Fraud and Mistake, 48; Devlin on Deeds, sec. 228.) But assuming this to be the case, we are nevertheless of the opinion that the judgment could not operate as an estoppel against the plaintiff, and that the roll was rightly excluded.

This is sufficiently obvious with regard to the defendant Mary E. Marshall, in her personal capacity. As to her, all that was adjudicated in the ejectment suit was, that the plaintiff should take nothing by his action, and all that was necessarily included in the judgment, or necessary thereto, was the fact, which is admitted, that she was not in possession. Whether the plaintiff was seised or not could therefore make no difference in the result. The question of title, so far as she was concerned, was not involved. (Code Civ. Proc., secs. 1908, 1909; Freeman on Judgments, secs. 256 et seq.)

It is claimed, however, that the judgment in favor of Maloney inured to the benefit of the administratrix, the ground of the contention being that he was in possession as

her tenant, and that he was represented in the action by an attorney employed by her, but not otherwise; though it is not claimed that she appeared openly in the case, or that the plaintiff knew of her participation in the defense.

The authorities cited in support of this position are *Valentine* v. *Mahoney,* 37 Cal. 389, *Russell* v. *Mallon,* 38 Cal. 259, and *McCreery* v. *Everding,* 54 Cal. 168. These cases — all of which were anterior to the codes — did not turn upon the general law of estoppel, but, as explained in the case first cited, on certain peculiar features of our own law. It had previously been established that, under the Practice Act, the landlord was not a proper party to a suit in ejectment, which could be brought only against the tenant. The inconvenience of this practice was recognized, but it was deemed too firmly established to be disturbed. But, out of "regard to the position and rights of the landlord, . . . it [had been] held that when the tenant has notified the landlord of the pendency of the action, and has permitted him to appear and defend in the tenant's name, the tenant cannot interfere with any subsequent proceedings to the prejudice of the landlord." (*Valentine* v. *Mahoney,* 37 Cal. 393, 394.) It was concluded, therefore, that the landlord thus intervening in the action became the real party, his position being "similar to that of the holder of a non-negotiable chose in action who sues in the name of the legal holder, but for his own use (*Valentine* v. *Mahoney,* 37 Cal. 395); or, it might have been said (to use an older illustration), similar to that of the plaintiff's lessor or that of the tenant in possession, in the old action of ejectment. (2 Phillipps on Evidence, 11.) But the decision is to be understood as applying only to cases where the landlord has appeared openly in the case, and been permitted by the court to undertake the defense; for in no other way could he obtain control of the case and become party thereto. For though "the landlord may appear and defend in his [the tenant's] name, or be substituted in his place," it is said "such appearance or substitution should be entered of record, and only allowed upon notice to the parties"; and "after it is once properly made, the tenant cannot interfere with any subsequent proceedings to the prejudice of his landlord." (*Dutton* v. *Warschauer,* 21 Cal. 619.[1]) Accordingly, in the concurring opinion in *Valentine* v. *Mahoney,* 37 Cal. 393, the

[1] 82 Am. Dec. 765.

decision is limited to such cases, and it is said: "It would be dangerous to extend the rule to cases where there is nothing in the record of the action tending to show that the landlord took the defense of the action upon himself. The parties to be estopped," it is added, "ought to be indicated by the record itself" (p. 399). In such cases, the landlord becomes in fact a party to the action, and thus the case comes within the provisions of section 1908 of the Code of Civil Procedure; but neither those provisions nor the cases cited can have any application to a case like the present, where the landlord was in no sense a party to the former suit. There was no error, therefore, in the exclusion of the record. Nor is the objection well taken that there was no finding on the issue of estoppel. The court, in effect, found that there was no estoppel; but had it failed to do so, there would have been no error. When the record was excluded, there was no evidence on the point before the court, and in fact the plea of estoppel presented the same defects as the evidence offered to support it, and was itself insufficient.

The court did not err in overruling the demurrer of the defendants. It is alleged that the plaintiff, "in pursuance of the . . . conspiracy and the . . . fraudulent and deceitful acts of . . . Mary Loftis and George D. Marshall, was kept in ignorance of the . . . grant (or deed) until the . . . day of October, 1894." This, we think, was a sufficient allegation of the discovery of the fraud within three years before the commencement of the action. It was unnecessary to allege ignorance of the subsequent deed from Mrs. Loftis to Samuel J. Marshall, or ignorance of the recording. Nor do we think the allegation was material. On the theory of the appellants —which we have assumed to be correct—the deed was void, and the plaintiff, except as against an adverse possession of five years, could maintain his action at any time.

We advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.