ALONZO D. DICK and HENRY MODLIN, Plaintiffs in Error,

*vs.*

BRADLEY WEBSTER, Defendant in Error.

ERROR TO THE FOND DU LAC CIRCUIT COURT.

A previous suit in trespass to lands, for flowing lands, between the same parties, for the same cause of action, which resulted in a verdict and judgment for the defendant is a bar to the plaintiff's recovery, unless a different title or different circumstances are shown, from those introduced upon the former trial.

This was an action on the case for flowage of lands. The declaration was filed on the 15th day of December, 1854, in the circuit court of Calumet county, alleging the possession of the premises, the building of a dam on the stream which ran through the land, by the defendants, at a point below the land, whereby the land of the plaintiffs was flowed, to their damage, &c.

The defendant pleaded the general issue, and gave notice of a form ersuit, in bar, brought in the circuit court of Calumet county, by the plaintiff against the defendant, for the same cause of action set out in the present declaration, which was tried at the November term of said court, 1854, and a verdict found for the defendant upon which judgment was duly rendered.

The venue was changed to Fond du Lac county, where it came on to be tried at the August term, 1855, and, as appears from the bill of exceptions, the plaintiff showed a chain of title to the lands flowed. He also called Leroy Graves, who testified that the flowage was caused by the building of the dam by defendant on the section below. On cross-examination, he testified that defendant's dam had been built since 1850; that the filowage upon the land in question had existed

ever since the building of the dam; that he was sworn in the former suit, tried at the November term of the circuit court of Calumet county, 1854, for the flowage of the land in question, by reason of this dam. He also called Lyman Baldwin, who testified as to the flowage of the land; and also that he was a witness for the plaintiff upon the former trial, and testified the same at that trial, as to the extent and cause of the flowage.

The plaintiff thereupon rested his case; and the defendants gave in evidence the record of the former suit, as set out in their notice, by the plaintiff against the defendants, for the same cause of action, the verdict of the jury, and the judgment of the court thereon in favor of the defendants.

The parties having rested, the defendants moved the court to instruct the jury that the former suit, the record of which had been read in evidence, was a bar to the plaintiff's recovery, unless he has shown a different title, or different circumstances from those introduced upon the former trial. Which instruction the court refused; and the defendants excepted.

The jury found for the plaintiff, upon which judgment was rendered; to reverse which this writ of error was brought.

*Edward S. Bragg*, for plaintiffs in error.

I. The judgment of a court of competent jurisdiction between the same parties for the same cause of action, is conclusive until reversed. *Winch vs. Vooght*, 2 B. and A., 662; 5 Esp., 51; R. S., 562, § 6; *Outram vs. Morewood*, 3 East, 125; 2 Hill, 478, and cases cited.

II. Whether the above rule referred to, is applicable in its strictest sense to cases of this kind, yet certainly in the request made to the judge, all the exceptions were comprehended, and his refusal to charge as requested, was clearly a fatal error. See Woolrych on Water Courses, 389, 390, where the whole subject is treated.

*R. P. Eaton*, for defendant in error, cited 2 Mass., 20; 3

Wend., 27; 8 Conn., 408; 2 Starkie's Ev., 858–9; 2 Green-leaf, § 532; 17 Pick., 12; 7 Mass., 417.

*By the Court,* WHITON, C. J.   The bill of exceptions informs us that at the trial of the cause in the circuit court, after the plaintiff below had closed his testimony, the defendants " did " offer and read in evidence to the jury, the record of a "former suit commenced on the 25th day of September, 1854, " and tried in November, 1854, by the plaintiff against the " defendants, for the same cause of action, with the verdict of " the jury and the judgment of the court thereupon in favor "of the defendants, and the defendants did thereupon rest " their case."

The bill of exceptions further states that the defendants requested the judge to instruct the jury "that the previous suit, the record of which has been read in evidence, is a bar to the plaintiff's recovery, unless he has shown a different title, or different circumstances from those introduced upon the former trial."

The judge refused to give this instruction and the defendants excepted.

We are of the opinion that the instruction should have been given. The position that a previous suit between the same parties, for the same cause of action, which resulted in a verdict and judgment for the defendants, was a bar to a recovery, seems so clear that we shall not cite authorities to sustain it.

The counsel for the defendant in error contended that the first suit was brought to recover damages which accrued prior to the 25th of September, 1855, and that the last one was brought to recover damages which accrued prior to the 28th of November, in the same year.

He further stated that the judge charged the jury that the plaintiff below was only entitled to recover damages which accrued between the time of filing the declarations in the two suits.

Hence he contended that the last suit was not for the same cause of action as the former one.

Without stopping to inquire whether the position of the counsel would have been well taken if the facts were as he claimed them to be, it is sufficient to observe that nothing of this appears in the record. The bill of exceptions shows that the former suit was for the same cause of action, and we must decide the case as the record presents it.

Judgment reversed.