Tierney vs. Abbott and another.

TIERNEY vs. ABBOTT and another.

FORMER JUDGMENT, *when a bar or estoppel.*

1. A judgment is no bar to a subsequent action not between the same parties or their representatives or privies.
2. Plaintiff obtained a judgment for rent against C. and B. & Co. jointly, but there was no such firm as B. & Co., that being a misnomer for A. & Co.; and satisfaction of the judgment out of the property of A. & Co. was thus defeated, and it remained unsatisfied. Afterwards this action was brought for the same rent against A. & Co., the complaint alleging that they rented the property through C. *as their agent. Held,* that plaintiff is not estopped by the former action and judgment from maintaining this action against A. & Co. as sole principals.

APPEAL from the Circuit Court for *Chippewa* County.

Action for rent. Defendants appealed from a judgment in favor of the plaintiff. The errors alleged will sufficiently appear from the opinion.

For the appellants, there was a brief by *Bingham & Pierce,* and oral argument by *Mr. Bingham.* They contended, 1. That the burden was upon plaintiff to show that the renting of the building in question for defendants was within the scope of the authority of the agent, Capron (Wharton on Agency, § 458), and that he did in fact rent the building for

them; that there was no sufficient evidence either of the authority or the fact; and that the evidence showed a renting to Capron himself. 2. That, as plaintiff had already obtained a judgment against Capron for the same cause of action, he could not now recover from these defendants. *Priestly v. Fernie*, 3 Hurl. & Colt., 977; 34 Law Times, Exch., 173; *Curtis v. Williamson*, 11 Moak's Eng. R., *58.

*Arthur Gough*, for the respondent.

ORTON, J.   The defendants, as copartners, were sued upon a contract for rent alleged to have been made by them through their agent, one E. W. Capron, and answered by a general denial, and by setting up the recovery of a certain judgment against the said Capron and Babbitt & Co., for the same rent, and the former adjudication of the same claim in an action by one Spark and others against the plaintiff, and in another action between one Daniel E. Seymour and one Frank Colborn.

The errors assigned upon questions of fact, and the legal application of the evidence, are, that there was no sufficient evidence of such agency, and that said adjudications were a bar to a recovery in this action.

As to the first, the evidence was in conflict, and the jury must have found that the said Capron did contract with the plaintiff as agent of the defendants; and we think there was evidence tending to prove such fact, sufficient at least to be considered by them, and such as would justify such finding; and there appears to be no such clear preponderance of proof against the verdict in this respect, as would warrant its disturbance on this ground.

Upon the second question, as to the effect of the adjudications set up and last named, it is sufficient to say that they were between other parties, and therefore no bar to the present action. *Finney et al. v. Boyd*, 26 Wis., 36; *Dick et al. v. Webster*, 6 Wis., 481; *Oleson v. Merrihew*, 45 Wis., 397.

As to the first judgment set up, it appears that the plaintiff recovered a judgment for this same rent against said Capron and Babbitt & Co.; that an execution was issued thereon, with the name of Babbitt & Co. changed to Abbott & Co.; and that said execution was levied upon the property of the defendants in this action, which was afterwards recovered by them, on the ground that they were not parties to said judgment, and that the said judgment remains still unsatisfied. From this showing it is quite evident that the plaintiff intended to obtain a judgment against these defendants and said Capron jointly, for this claim, but failed by this mistake of name.

This judgment is not insisted upon here as being a bar to the present action as a former recovery, but it is insisted that, the plaintiff having elected to obtain a judgment against Capron as a principal, he is estopped from bringing this action against these defendants as the principals, and from showing that Capron acted as their agent.

Whether, if the judgment had been against Capron alone, such would be its effect while remaining unsatisfied, is in some conflict by the authorities. See Story on Agency, § 295, and cases cited in the brief of appellants' counsel. But this case does not come within the principle here contended for by the learned counsel of the appellants, within any of the authorities; for the ground of such a defense and the reason of such a principle are, " that the plaintiff has done something equivalent to an election not to charge the principal, and whether there has been such an election is a question of fact." Wharton on Agency, § 473. A judgment against Capron alone might be sufficient evidence of an election by the plaintiff not to charge these defendants as principals with this claim, but in such case the plaintiff might be allowed to show mistake of fact, or the subsequent discovery of the real principals, by reason of which even such an act of election should not be held to be conclusive. Wharton on Agency, § 464.

In this case it is quite evident that the plaintiff brought suit against Babbitt & Co. as the nominal defendants, supposing such to be the name of these defendants, and attempted to make the proper correction by changing Babbitt & Co. into Abbott & Co. in the execution, and thereby clearly indicated his intention to hold the defendants at least jointly with Capron for the claim, and not to exonerate them and hold the agent Capron alone for it. In such a case the above principle would not obtain, because the ground and reason of the principle are wanting, which constitute an election, which in itself implies both the act and intention of an election. There appears to be no other complaint of error.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.