SAMUEL RICHARDSON *vs.* HARRY RICHARDS.

November 29, 1886.

**Former Judgment.**—In a former action prosecuted against A. and B. to recover from the former the price of property alleged to have been sold to her, no personal claim being asserted against B., the plaintiff failed to recover, and judgment of dismissal was rendered. *Held*, that by such judgment the same plaintiff was not barred from prosecuting a subsequent action against B. to recover the price of the property upon an allegation that the sale was to him.

Evidence considered sufficient to sustain the finding of the court.

Appeal by defendant from a judgment of the district court for Clay county, where the action was tried before *Collins*, J., without a jury.

*John E. Greene* and *H. F. Miller*, for appellant.

*Burnham, Mills & Tillotson*, for respondent.

DICKINSON, J. This action is for the recovery of the price of a quantity of lumber, alleged to have been sold to the defendant. The defendant pleads in bar of this action the judgment in a former action against this defendant and his wife, Sarah M. Richards, in the territory of Dakota, in which action, upon the averment that this lumber was sold to Sarah M. Richards, a recovery of the price was sought against her, and the enforcement of a lien therefor upon her land. This defendant was made a party defendant in that action, so that he might be concluded as to any interest he might have in the land of his wife which it was sought to subject to a lien, the plaintiff disavowing any personal claim against him. Upon the trial of that action, it was found that there was no valid lien upon the land of Sarah M. Richards, and no right of recovery personally against her, and judgment of dismissal was entered.

That judgment constituted no bar to this action, nor was it, as evidence, conclusive against the cause of action here asserted. As to this point, it is enough to say that the cause of action—the fact presented as the ground of recovery—is not the same here as in the former action, and nothing was there determined which is inconsist-

ent with the present claim. In that action it was alleged that the lumber which is the subject of this action was sold to Sarah M. Richards, against whom, and against whose property, relief was sought. The plaintiff, having failed to recover against her, now avers as his cause of action that the lumber was sold to this defendant, Harry Richards. It is clear that this alleged cause of action was not *res judicata* in the former suit. The only effect of the former action, and of the evidence by which it was supported, as respects this case, is to discredit the plaintiff in now claiming that the contract of sale was with Harry Richards, and not with his wife. There was evidence reasonably supporting the finding of the court that the lumber was sold to this defendant.

Judgment affirmed.