# CHARLESTON.

## McNutt v. Trogden.

Submitted January 25, 1887.—Decided March 26, 1887.

1. ESTOPPEL—DISTINCT RIGHTS.

Where the same person has two separate and distinct rights or interests in the subject-matter of a suit, and the allegations of the bill comprehend but one of said rights or interests, the fact, that such person is made a party to such suit, will not estop, conclude or prevent him from asserting or defending his rights or interests in regard to said subject-matter, so far as they are not involved or comprehended in the allegations of the bill in such suit. As to the matters not so comprehended in the bill he will not be regarded as a party to the suit.

2. ESTOPPEL—PARTY—TRUSTS AND TRUSTEES.

If a person is interested in the subject-matter of a suit in two capacities, the one as trustee in one deed of trust and the other as beneficiary in a different deed of trust, both deeds of trust being upon the same property, and he is made a party to a suit brought to set aside the latter trust-deed, in which no reference is made to him as trustee in the other trust-deed, he will not be regarded as a party to said suit in his capacity of trustee in the former trust-deed.

3. ESTOPPEL—VENDOR'S LIEN—TRUSTS AND TRUSTEES.

If a person has a vendor's lien on real estate, which his vendor has conveyed to him as trustee by a subsequent trust-deed to secure certain debts to other persons, in which no reference is made to his debt, and a suit is afterwards brought to set aside said trust-deed and subject the property to the payment of a judgment, to which suit such person is a party as trustee but in no other capacity, and there is no convention of the lien-creditors or reference in the bill or proceedings to said vendor's lien, the said person may as against the purchaser of the land in said suit enforce his vendor's lien against the land in a subsequent suit.

*J. A. Douglas* and *W. W. Adams* for appellant.

*R. C. McClaugherty* for appellee.

SNYDER, JUDGE:

Bill filed at May rules, 1883, by C. R. McNutt against John H. Trogden, Robert B. McNutt, W. L. Bridges, O. E. Cald-

well and others in the Circuit Court of Mercer county to sub-
ject two lots of about 2½ acres of land in said county to the
payment of purchase-money due thereon to the plaintiff. In
April, 1860, Henry D. James conveyed said lots to Benja-
min R. McNutt, trustee, to secure a debt due to Robert B.
McNutt. The trustee sold the lots under said deed and
Robert B. McNutt became the purchaser. This sale was
made prior to 1868, but no deed was made by the trustee to
the purchaser until January 29, 1880. Before McNutt ob-
tained the deed he, by written contract dated January 8,
1868, sold the lots to W. L. Bridges for $160.00, for which
Bridges gave to him his note. At the same time McNutt
gave to Bridges a receipt for certain claims, which were to
be collected by McNutt and when collected they were to be
credited on said note.

In June, 1870, Bridges executed to Robert B. McNutt,
trustee, a trust-deed on the lots to secure certain debts,
among which was one bond for $50.00 to Benjamin G.
McNutt of even date with the trust-deed. In September,
1878, Lawson & Co., judgment-creditors of Bridges, brought
suit in the Circuit Court of Mercer county against the said
Bridges, the trustee and *cestuis que trusts* in said last men-
tioned trust-deed, and others to set aside said deed and sub-
ject said lots to the payment of their judgment. A decree
of sale was made in this suit, the lots were sold and the sale
was confirmed. John H. Trogden became the purchaser
and by order of the court a commissioner conveyed the lots
to him by deed dated August 25, 1882. Trogden on the 31st
of August, 1882, sold and conveyed said lots to O. E. Cald-
well. The Circuit Court, being of opinion that plaintiff, as
assignee of Robert B. McNutt for the aforesaid note of
$160.00, was entitled to the relief sought by his bill, entered
a decree December 9, 1884, in his favor and directed the
said lots to be sold to pay the balance due on said note and
costs. From this decree the defendant, O. E. Caldwell, has
appealed.

The principal contention of the appellant is that the court
erred in granting any relief to the plaintiff, because Robert B.
McNutt, his assignor, was a party to the suit of *Lawson & Co.*
v. *Bridges and others*, and that if any portion of the purchase-

money was then due it was the duty of Robert B. McNutt to assert it in that suit, and having failed to do so neither he nor the plaintiff as his assignee can subject the lots to the payment of said claim against the appellant. It is unquestionably true, if Robert B. McNutt was so made a party to the Lawson & Co. suit as to make it his duty to assert his debt in that suit, then both he and his subsequent assignee were concluded by that suit and neither could be entitled to relief against the appellant or Trogden, his vendor, in this suit. But in order to create an estoppel or conclude a matter as *res judicata*, it is not only necessary that the person to be concluded should have been a party to the suit, but it is also essential that the matter or right in question should have been so presented by the pleadings and so involved in the issues of the suit as to call upon the party and make it his duty to assert his demand in that suit. Although a person may be named in the bill and served with process, still if there are no allegations in the bill with reference to him, he is not to be considered a party to the suit. (*Chapman* v. *P. & S. R. R. Co.*, 18 W. Va. 184; *Renick* v. *Ludington*, 20 Id. 536.

Where a person is properly made a defendant to a bill, he is bound to respond to all the allegations of the bill, and he will be concluded as to all the matters affecting him which are necessarily involved in the suit whether he answers or not. But he is not required to do more than respond to the allegations of the bill. He is not bound to go further and bring in matters not mentioned in the bill and not necessary for his defense. He may be interested in the subject-matter of the suit in more than one capacity, and if the bill charges him in one capacity only he cannot be concluded in any other capacity simply because he failed to assert his rights in such other capacity. Any interests he may have which are neither directly nor indirectly alleged or referred to in the bill, will remain unaffected by the suit. If the bill is taken for confessed the only matters that can be so taken are those alleged in the bill. So whether a suit is decided upon bill taken for confessed or upon full answer by the defendants, the adjudication can properly embrace and conclude the parties only as to the matters comprehended

in the general or special allegations of the bill. These only will be held to be *res judicata.* (*Moseley* v. *Cocke*, 7 Leigh. 224; *Richards* v. *Schley*, 27 W. Va. 617; *Doonan* v. *Glynn*, 28 Id. 715.)

Applying these legal principles to the facts in this case it is 'clear that there was no error in the decree of the Circuit Court. At the time the suit of Lawson & Co. was instituted and decided the legal title to the lots was in Benjamin G. McNutt as trustee in the deed of 1860, and the said McNutt was also a beneficiary in the trust deed of 1870 to the extent of a note for $50.00. Robert B. McNutt was at that time the owner and payee of the note of Bridges for $160.00, which was the purchase-money for the lots and a lien thereon. The said Robert B. McNutt was also the trustee in the trust-deed of 1870. The bill of Lawson & Co. was filed to set aside, as fraudulent and voluntary, the trust-deed of 1870 and subject the equitable title of Bridges in the lots to the payment of the plaintiff's judgment. To this suit both Benjamin G. and Robert B. McNutt were parties for specific purposes and in capacities fully and definitely set forth in the bill. Both the specific and the general allegations of the bill show that Benjamin G. was made a party as one of the beneficiaries in the deed of 1870, and no reference or allusion is made to him in any manner as being the trustee in the trust-deed of 1860. But on the contrary the bill avers that the legal title to the lots was then in one W. H. Thompson. Robert B. McNutt was made a party simply because he was the trustee in the trust-deed of 1870. The allegations of the bill show this; and no reference is made to him as the owner of the $160.00 note. Nothing whatever is charged in regard to said note and no allusion is made to it. There was no order of reference in the suit to convene the lienors having claims on the lots. The court by its decrees set aside the trust-deed of 1870 as voluntary and fraudulent and ordered the lots to be sold to pay the plaintiffs, and other judgments, which sale was made and confirmed. None of the defendants answered the bill and all the decrees were by default. From these facts and under these circumstances it is apparent that by no recognized rule of law or equity could the proceedings in that suit conclude or in any manner affect the right of Robert B.

McNutt or his assignee to enforce the sale of said lots to pay his note of $160.00 due for the purchase-money. He retained the title sold to Bridges as security for said note, and neither Bridges nor any one claiming under him, as does the appellant in this case, can question the claim of plaintiff to subject said lots to the payment of said note. It is simply the case of a vendor seeking to enforce the payment of purchase-money against the subject of the sale.

It is claimed, however, that Benjamin G. McNutt as trustee in the deed of 1860 was guilty of contempt in conveying the lots to Robert B. McNutt, the purchaser, in 1880, during the pendency of the suit of Lawson & Co. If this were true it was not a matter of which the appellant could complain in this suit as it in no way prejudiced his rights. But said conveyance was properly made. · As we have seen Benjamin ·G. McNutt was not a party to said suit in his capacity of trustee in the trust-deed of 1860, and therefore his rights and duties under said deed were in no manner involved or affected by that suit.

It is further contended that the court committed an error in its decree fixing the amount due the plaintiff. Of the claims mentioned in the receipt of Robert B. McNutt to Bridges which were to be collected and applied to the payment of said note of $160.00 for the purchase of the lots, the court decided that those on Russell Hagar's estate amounting to $52.20 should be credited on said note, and after deducting this sum the balance was fixed at $237.37 as of the date of the decree. The appellant claims that this balance is more than the amount then due. But the amount of this excess or the manner by which it can be determined we are not informed. If the calculation is made by giving credit for the $52.20 in 1868 at the date of the note, the balance will appear to be a little less than the amount fixed by the decree. But if the credit with its interest is deducted from the note and its interest at the date of the decree then the balance fixed by the decree will be a little less than the amount to which the plaintiff would be entitled. And inasmuch as by the terms of the receipt the claims turned over were to be credited "when collected," and the evidence shows that they had not been in fact realized at the time

the decree was entered, it seems to me that the latter would be the right mode of calculation. The said $52.20, it seems to me, should be treated as an offset and not as a payment, and making the calculation upon that theory the appellant is not prejudiced by the mistake, if any exists, in the amount of the decree. Upon the whole record I see no error to the prejudice of the appellant, and therefore the decree of the Circuit Court must be affirmed.

AFFIRMED.