HARRIS & COLE BROS. *v.* COLUMBIA WATER & LIGHT
COMPANY.*

(*Nashville.*   December Term, 1904.)

1. **RES ADJUDICATA.** Identity of parties in same capacity
or character is essential; case in judgment.

It is essential to the successful defense of former adjudication
that the parties must be identical and in the same capacity or
character in both suits; and, therefore, where a partnership
firm sues in the firm name as a foreign corporation, and the
suit is dismissed for failure to comply with the requirements
of the statute prerequisite to foreign corporations doing busi-
ness here, such dismissal is not a bar to a subsequent suit on
the same cause of action by the individual members of the
partnership, where it is shown that the designation of the part-
nership firm as a corporation was by mistake of fact. (*Post,*
*pp.* 334 340.)

Cases cited and approved: Railroad v. Atkins, 2 Lea, 248; Mel-
ton v. Pace, 103 Tenn., 484; Harris v. Water & Light Co., 108
Tenn., 245; Bank v. Smith, 110 Tenn., 339; Rathbone v. Hooney,
58 N. Y., 463; McBurnie v. Seaton, 111 Ind., 56; Caruth v.
Grigsby, 57 Tex., 259; Landon v. Townshend, 112 N. Y., 93; Mc-
Nutt v. Trogden, 29 W. Va., 469; Morrison v. Clark, 89 Me., 103;
Bank v. Shuler, 153 N. Y., 163; Beals v. Cone, 27 Colo., 473;
Loftis v. Marshall, 134 Cal., 394; McCall v. Jones, 72 Ala., 368;
Tierney v. Abbott, 46 Wis., 320; Tiffany v. Stewart, 60 Iowa,
207; Smith v. Auld, 31 Kan., 262; Richardson v. Richards, 36
Minn., 111.

---

*As to liability for loss by fire due to lack of adequate water
supply, see note to Howsmon v. Trenton Water Co. (Mo.), 23 L.
R. A., 146.

Harris v. Water & Light Co.

2. **SAME.** Decision on the merits is essential; case in judgment.
It is essential to the successful defense of former adjudication
that the former judgment must have been upon the merits; and,
therefore, the dismissal of a suit, because it incorrectly ap-
peared of record that one of the necessary parties plaintiff was
a foreign corporation which had not complied with the re-
quirements of the statute prerequisite for the maintenance of
suits by foreign corporations, is not on the merits and is not
res adjudicata. (*Post, pp.* 334, 339, 340.)

Cases cited and approved: Hoggatt v. White, 2 Swan, 265;
Hurst v. Means, 2 Sneed, 546; Hughes v. United States, 4 Wall.,
232.

3. **ADMISSIONS.** In unsworn pleadings by innocent mistake
do not conclude the parties, when.
Admissions by mistake innocently made in unsworn pleadings
which have worked no detriment to the adverse party will not
estop such admitter to show the truth in a subsequent suit; as
where a partnership firm erroneously admitted that it was a
foreign corporation, and the suit is dismissed for failure to com-
ply with the requirements of the statute prerequisite to main-
tenance of suits by foreign corporations, the members of such
partnership firm are not estopped to bring a subsequent suit on
the same cause of action. (*Post, pp.* 340, 341.)

Cases cited and approved: Hamilton v. Zimmerman, 5 Sneed,
39; McLemore v. Railroad, 111 Tenn., 639.

4. **PROXIMATE CAUSE.** Failure to furnish water sufficient to
extinguish fires within the terms of the contract.
Where a water company agreed to supply, at all times an amount
of water sufficient to extinguish fires, its failure to do so,
which resulted in the destruction, by fire, of property within
the contemplation of the contract, was the proximate cause of
the loss. (*Post, p.* 341.)

5. **DAMAGES.** For loss of property by fires for failure to furnish water as contracted are not too vague and indeterminate to authorize a recovery.

Where a water company contracts to supply, at all times an amount of water sufficient to extinguish fires, and a loss results from destruction, by fire, of property within the contemplation of the contract, by its failure to furnish the water, the claim of damages for the breach of the contract is not too vague and indeterminate to authorize a recovery. (*Post, pp.* 341, 342.)

6. **SAME.** For breach of contract to furnish water for extinguishment of fires is the value of the property destroyed, and not merely the value of the water that should have been furnished.

Where a water company contracts to supply, at all times an amount of water sufficient to extinguish fires, and a loss results from destruction, by fire, of property within the contemplation of the contract, by its failure to furnish the water, the measure of damages is full indemnity for the loss resulting from the breach, and not merely the value of the water which should nave been furnished under the contract. (*Post, pp.* 342, 343.)

Cases cited and approved: State v. Ward, 9 Heis., 132; Foster v. Water Co., 3 Lea, 46; Chisholm v. Canopy Co., 111 Tenn., 202.

---

**FROM MAURY.**

---

Appeal from the Chancery Court of Maury County.— WALTER S. BEARDEN, Chancellor.

H. P. FIGURES, J. B. M'CLEMORE and G. T. HUGHES, for complainants.

T. M. STEGER and W. S. FLEMING, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The bill in this case was dismissed upon the ground that the issues presented by it had been determined against the complainants by a court having jurisdiction of the subject-matter and of the parties. The facts upon which this decree of dismissal rests are as follows: In 1903 N. H. Harris, R. Harris, and Cole Bros., styling themselves as the firm of Harris & Cole Bros., brought a suit in the circuit court of Maury county, for the use of themselves and certain fire insurance companies named therein, against the Columbia Water & Light Company. In their declaration the plaintiffs alleged that Cole Bros., a member of the firm, was a corporation organized under the laws of the State of Iowa, and that the firm so constituted was engaged in the lumber business in the city of Columbia, in this State, and that on their yards in that city they had stored large quantities of lumber, and had erected for the use of their business costly buildings, in which they were operating much valuable machinery. The declaration further alleged that the firm of Harris & Cole Bros. had entered into a contract with the defendant company whereby, for a consideration, that company agreed and obligated itself to furnish, at the fire plugs located on the premises of the firm, an ample supply of water at all times adequate in force, volume, and quantity to produce a stream of water flowing through hose and fire nozzles to throw upon the buildings, lumber, material, and machinery

sufficient to extinguish any and all fires that might orig-
inate or be upon the premises.    The declaration further
alleged that, after the making of this contract, fire orig-
inated on the premises of this firm, and that by reason
of neglect and failure of the defendant company to have
and keep a sufficient supply of water for use in the ex-
tinguishment of fire, as it was bound to do by the con-
tract referred to, the lumber, material, buildings and
machinery of this firm were consumed, so that the loss
accruing to the firm therefrom was $50,000.    The plain-
tiffs also averred that at the time of this fire they had in
force policies of insurance on the property in certain fire
insurance companies named in the declaration, and that
these companies had paid to the plaintiffs the amounts
set out therein and that by the terms of the policies these
companies were entitled, to the extent of the payments
made by them severally, to be substituted to any right
of action which the plaintiffs might have, and that, to
the extent of their payments, a share and interest in the
right of action set up in this declaration had been as-
signed to these companies.    It was alleged that the pay-
ments made by these companies in the aggregate was
greatly less than the loss sustained by the firm, and the
suit therefore was instituted not only for the use of the
insurance companies, but of the firm as well.    To this
declaration certain pleas were filed, in which it was al-
leged that Cole Bros. was a foreign corporation, and
that it had not complied with the laws of Tennessee in
the matter of registration of its charter, and that the

firm of which it was a constituent member had no right, under the laws of Tennessee admitting foreign corporations to do business in this State, to enter into the contract for the breach of which recovery was sought.

To these pleas the plaintiffs filed a replication in which it was admitted that Cole Bros. was a foreign corporation, and that it had failed to comply with the statutory requirements with regard to such corporations entering the State to do business, but denied that the firm of Harris & Cole Bros. were unlawfully doing business in Tennessee. On these special pleas and this replication the circuit court dismissed the suit, and on appeal to this court the judgment of the lower court was affirmed upon the ground that an action by a firm could not be maintained unless all the partners in the firm were competent to sue, and that a firm composed of individuals and a foreign corporation could not maintain an action upon a contract made in this State, where it appeared that the corporation had not complied with the statutes requiring it to register its charter. *Harris v. Water & Light Co.,* 108 Tenn., 245, 67 S. W., 811.

The bill in the present case is brought by N. H. Harris, Rutledge Harris, J. W. Cole, W. R. Cole, and John J. Cole, trading under the firm name and style of Harris & Cole Bros., against the Columbia Water & Light Company, for the same breach of the same contract, and under the same conditions alleged in the former suit, and a recovery is sought for this breach for the use of the firm of Harris & Cole Bros. and the same insurance

companies named in the declaration in that suit. The bill alleges that at the time of the institution of the former suit N. H. and Rutledge Harris, the members of the firm resident in this State, and who had the management thereof, supposed that Cole Bros. was a corporation, and so informed the attorneys representing the firm, and the allegation in the declaration and the admission in the replication that it was such was made in good faith, but subsequent to the rendition of the judgment in the circuit court, and pending the appeal of the case to this court, it was discovered that this averment was a mistake of fact; that, while Cole Bros. had been a corporation existing under the laws of Iowa, its existence as such had been terminated before the making of the contract in question and the institution of the suit, and the three parties named, to wit, J. N., W. R., and John J. Cole, at both periods were in fact doing business as partners under that name, and as individuals were members of the firm of Harris & Cole Bros.

. The chancellor held, on a demurrer raising the question, that the adjudication in the former suit was conclusive upon the complainants in the present case, and dismissed their bill.

Was the chancellor correct in this ruling, and is the matter now sought to be litigated *res adjudicata?* Two of the essentials to the successful defense of former adjudication are that there must be identity of parties in the two actions, and the judgment in the prior action must have been upon the merits. As to the first of these

Harris v. Water & Light Co.

essentials, we think that the complainants in the pres-
ent action are not identical with the plaintiffs in the
first suit.   In the present action the three Cole brothers,
as individuals, join in this suit with the two Harrises,
alleging that they constitute the firm of Harris & Cole
Bros., while in the former Cole Bros. was treated as a
corporation.   It is manifest that there is no identity be-
tween a corporation styled Cole Bros. and a firm of that
name composed of individuals.   The contract, for the
breach of which recovery is sought, was, according to
the averment of this bill, made with the firm of Harris
& Cole Bros., composed of the two Harrises and of the
three Coles.   It is clear that where the contract was
made with these individuals, constituting the firm, it
was necessary that all the obligees should unite as
plaintiffs in an action for the breach thereof, as the
cause of action was joint only.   If the former suit had
been instituted by any one or more of the members of
the firm, seeking a recovery for a breach, and it had
appeared upon the face of the declaration that there
were other members of that firm who had not joined as
plaintiffs, the declaration would have been demurrable,
or if it had not been so averred, but the fact had de-
veloped in proof, the variance between the pleading and
proof would have been fatal to the plaintiffs' action.
In the former suit, which is relied upon as a bar to the
present, it was held that, in suits upon partnership con-
tracts, all the members of the firm must unite in the
suit.   It was there said that there was no such thing

recognized in the jurisprudence of this State as the legal entity of a partnership, but that the suit by a firm was nothing more than the suit of the invidual members of the firm; the court adding, "It is apparent that, in the face of this rule, neither one of the members, nor any number less than all, could maintain the present suit." So that it was there held that the corporation of Cole Bros. was an indispensable party to that action, and, being disqualified under our statutes to enter into contracts in this State, the action by the firm of which this corporation was a member could not be maintained. It would seem manifest that, if a firm so constituted could not recover upon a contract averred in that case, it equally could not on the one which is set up in the present; it being a contract between wholly different parties.

In section 536, volume 2, of his work on Judgments, the author, Mr. Black, says: "It is not only necessary that the person sought to be bound by the former judgment should have been a party to both actions, but he must have appeared in both in the same capacity or character." The author embodies in his text a paragraph from the opinion in *Rathbone* v. *Hooney*, 58 N. Y., 463, which is as follows: "A judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is, in contemplation of law, a distinct person, and a stranger to the prior proceedings and judgment."

This rule which is announced as one of the funda-
mentals of both civil and common law jurisprudence on
the subject is illustrated by Mr. Black by a reference to
a great variety of cases from many different courts.
Among these supporting the text are cited *McBurnie* v.
*Seaton*, 111 Ind., 56, 12 N. E., 101; *Caruth* v. *Grigsby*,
57 Tex., 259; *Landon* v. *Townshend*, 112 N. Y., 93, 19
N. E., 424, 8 Am. St. Rep., 712; *McNutt* v. *Trogden*, 29
W. Va., 469, 2 S. E., 328.   In addition to the authorities
supporting this rule cited by this author, reference may
be made to *Morrison* v. *Clark*, 89 Me., 103, 35 Atl.,
1034, 56 Am. St. Rep., 395; *First Nat. Bank* v. *Shuler*,
153 N. Y., 163, 47 N. E., 262, 60 Am. St. Rep., 601;
*Beals* v. *Cone*, 27 Colo., 473, 62 Pac., 948, 83 Am. St.
Rep., 92; *Loftis* v. *Marshall*, 134 Cal., 394, 66 Pac., 571,
86 Am. St. Rep., 286.

A corollary of this rule is thus stated by Mr. Freeman
in his work on Judgments, in volume 1, section 266: "A
judgment given because of misjoinder or nonjoinder of
plaintiffs or defendants, or because of the want of ca-
pacity of the party plaintiff or defendant to sue or to be
sued, establishes nothing but such defect or incapacity,
and cannot defeat a subsequent suit in which the vice
causing the former suit does not exist."   The author
cites the following cases, which upon examination are
found to support his text:   *McCall* v. *Jones*, 72 Ala.,
368; *Tierney* v. *Abbott*, 46 Wis., 329, 1 N. W., 94; *Tif-
fany* v. *Stewart*, 60 Iowa, 207, 14 N. W., 241; *Smith* v.

*Auld,* 31 Kan., 262, 1 Pac., 626; and *Richardson* v. *Richards,* 36 Minn., 111, 30 N. W., 457.

Our own reports furnish illustrations of this rule, and all it implies. In the case of *L. & N. R. R.* v. *Atkins,* 2 Lea, 248, Atkins sued the railroad for killing a horse; and the defendant pleaded a former suit by Atkins and wife against it for killing the same animal, and a judgment in his favor. It was ruled, however, by this court, that the defense was not maintainable. On this point it was said that the "authorities are uniform that, to make a judgment a bar, the former must be between the same parties. . . . Ordinarily a judgment in the suit would not be a bar to a suit brought by either of those two, for the obvious reason that a joint cause of action in favor of two cannot possibly be a cause of action in favor of one of those two." In *Melton* v. *Pace,* 103 Tenn., 484, 53 S. W., 939, the rule was recognized that, in order to make a judgment effective as *res adjudicata,* it is essential that the party sought to be concluded thereby should have sued or been sued in both cases in the same capacity or character, and to enforce the same right. And so it was there held that children inheriting from both father and mother were not estopped to set up title to the whole of a tract of land inherited from their mother by reason of the fact that a part of it had been by inadvertence embraced in the description of a tract which they, as heirs of their father, had brought to sale by decree of foreclosure of a

mortgage.   See, also, *Bank* v. *Smith*, 110 Tenn., 339, 75
S. W., 1065.

Another one of the essentials to this plea, as we have
already seen, is that the former judgment must have
been upon the merits of the case.   In *Hughes* v. *U. S.*,
4 Wall., 232, 18 L. Ed., 303, it is said:   "If the first suit
was dismissed for defect of pleading or parties or a mis-
conception of the form of the pleading, or the want of
jurisdiction, or was disposed of on any ground which
did not go to the merits of the action, the judgment ren-
dered will prove no bar to another suit."   The rule is
thus stated by Mr. Black in section 693 of volume 2 of
his work on "Judgments": "A former judgment will not
operate as a bar to a subsequent suit upon the same
cause of action unless the proceeding and judgment in
the first case involved an investigation or offered full
legal opportunity for an investigation and determina-
tion of the merits of the suit.   Or as otherwise ex-
pressed, the judgment must be upon the merits in a com-
petent action; the plaintiff having sued in his proper
character, and the pleading having been correct."
Among the cases in which this rule has been recognized
and applied by this court we will refer to two:   In *Hog-
gatt* v. *White*, 2 Swan, 265, the facts were that one B.
executed a mortgage of a slave to W. to secure a note
which upon its face called for ten per cent interest per
annum.   After maturity W. filed a bill to foreclose the
mortgage, which was dimissed by the chancellor upon
the ground that the contract sought to be enforced was,

upon its face, illegal. Subsequently the mortgagor brought suit against the mortgagee, who, being in possession of the slave, was proceeding to sell under the mortgage, and sought to recover the same, insisting that the decree in the suit for foreclosure was a determination of all the rights of the mortgage; but it was held that, the complainant having been repelled upon the ground of illegality, the decree pronounced in the first suit could not be relied upon by the mortgagor as an adjudication of the facts in controversy in the second suit.

In *Hurst* v. *Means*, 2 Sneed, 546, it was held that where the plaintiff had brought his action to recover the amount of purchase money paid by him for land, the title to which had failed, but from which he had not yet been evicted, and there was verdict and judgment against him on that ground, this was no bar to subsequent suit for the same cause of action after he had lost possession of the land.

So we hold that the doctrine of *res adjudicata* cannot be relied upon in this case, because, first, there is a lack of identity between the parties plaintiff in the first action and the complainants in this cause; and, second, for the reason that the merits of the suit were not determined in the first action. In ruling otherwise the chancellor was in error.

The defendants, however, insist that the complainants are estopped by the admission made in this former judicial proceeding that Cole Bros. was a corporation. This defense is equally unavailing to preclude the complain-

ants from avoiding the effect of ·the mistake of fact made by them therein. This mistake, according to the bill in this case, was innocently made, in unsworn pleadings, from which, so far as the record shows, no detriment has been worked to the defendant. Such a pleading under these conditions comes within the case of *McLemore* v. *Railroad,* 111 Tenn., 639, 69 S. W., 338. The rule of estoppel is applied with peculiar force to admissions or statements made under oath in a pending cause, but even they may be relieved against where made inconsiderately or by mistake. *Hamilton* v. *Zimmerman,* 5 Sneed, 39.

The defendant's insistence, however, over and beyond the defenses to the bill of complainant just disposed of, is that the bill is fatally defective in failing to show that the damages claimed by complainants proximately resulted from the breach of the contract on the part of the defendant to furnish water. This is a mistaken assumption. The bill distinctly avers that the defendant contracted to supply at all times an amount of water ample to extinguish fires, and failed to do so, and that this failure was the occasion of the loss sustained by complainants. The failure to furnish water did not occasion the fire, but it is averred that it did bring about the loss resulting from the fire. To prevent this loss by supplying a quantity of water sufficient to extinguish any fire which might occur was within the letter of the contract.

Nor do we think that another position assumed by the

defendant is any more tenable, and that is that the damages claimed were too vague and indeterminate to authorize a recovery thereof. Granting the averments of the bill to be true, it is as easy in this case to ascertain the value of the loss incurred as it would be in any case where a party was undertaking to recover damages for property which it was alleged was wrongfully destroyed.

Again, it is insisted by the defendant that, at the utmost, complainants can only recover the value of the water which should have been furnished them under the contract, and not the value of the property destroyed. It is true that, where an action is brought to recover for a breach of a contract, "the contract itself must give the measure of damages," yet, in the light of the averments of the bill in this case, it was clearly within the contemplation of the parties to this contract that, if it was breached by defendant, then it should furnish full indemnity of the damages resulting from the breach. This question has been fully considered in *Chisholm* v. *U. S. Canopy Co.*, 111 Tenn., 202, 77 N. W., 1062, and we can add nothing to the argument or conclusion of that case. The cases of *State* v. *Ward*, 9 Heisk., 132, and *Foster* v. *Water Co.*, 3 Lea, 46, relied upon by the counsel of defendants to bring complainants' recovery within the narrowest limits, are referred to and construed in the *Chisholm* case, and are brought in accord with it. It is true that there are expressions in the *Foster* case which seem in conflict with the rule an--

Harris v. Water & Light Co.

nounced here, but they are not called for by the issues involved and, being dicta, cannot be regarded as authority on the question with which we are dealing.

The result is, the chancellor's decree dismissing the bill is reversed, and the cause is remanded for further proceedings.