# CHARLESTON

## LILLY v. CLAYPOOL.

Submitted January 17, 1906.   Decided February, 20, 1906.

1. INFANTS—*Lands—Sale of Timber—Decree—Pleading.*
  In a summary proceeding under chapter 83 of the Code for the sale of the timber on the land of an infant and sale thereof made upon a written proposition for purchase and under direction and decree of the court and duly confirmed; decrees, entered therein granting abatement to the assignee of the purchaser of a part of the purchase money and extending the time beyond that fixed in the contract of sale for the removal of the timber from the land, which decrees are based upon no pleadings in writing, but alone upon the mere oral representations and motion of the assignee of the purchaser of the timber, are void. (p. 133.)

2. JUDGMENT—*Decree—Pleading.*
  A decree not supported by any pleading in writing, is void. (p. 133.)

Appeal from Circuit Court, Logan County.

Bill by W. R. Lilly, guardian, against John W. Claypool and others.   From the decree, the guardian and infant appeal.

*Reversed.*

ATKINSON & JACKSON and LILLY & SHREWSBERRY, for appellants.

RAGLAND & GREEN, for appellees.

MCWHORTER, PRESIDENT:

W. R. Lilly, guardian of John W. Claypool, an infant, instituted in the circuit court of Logan county summary proceedings under chapter 83 of the Code, to sell the timber on two tracts of land, the property of said infant, containing 229 and 310 acres respectively in said county devised to him by the will of his father, Robert Claypool; said guardian representing in his petition that a creditor's suit was pending to enforce the collection of debts due the creditors of said testator and that the said creditors were willing that the timber should be sold to satisfy their debts and thus relieve the said land so devised to the infant, and for the payment of taxes in arrears against the property and to pay the taxes for the subsequent years.   Notice was given the infant, who was

over fourteen years of age, of such proceeding and a guardian *ad litem* was appointed to defend his interests and assert his rights therein, and the infant and his said guardian *ad litem* filed their joint and separate answer to the petition; and it being shown to the satisfaction of the court, by evidence adduced and taken in open court in the presence of the said guardian *ad litem*, that a sale of all the merchantable timber on the said two tracts of land mentioned and described in the petition would promote the interest of the said infant, John W. Claypool, and that the rights and interests of no person would be prejudiced by a sale of said timber, the court decreed that the same be sold either at public or private sale whichever in the opinion of the guardian would be to the best interest of said infant, the decree fixing the terms of sale, which decree was entered November 6th, 1903.

John Claypool made a proposition in writing to purchase the timber at prices named therein for the various kinds of timber on the terms mentioned in the decree, the bidder to have two years to remove from said tracts of land said timber, and to give bond with approved security for the deferred payments of purchase money.   This proposition was reported to the court by W. R. Lilly, the guardian, together with a bond of the purchaser in the penalty of $3,000 with Millard McDonald and J. M. Vance surities therein payable to said guardian and conditioned for the payment of all the purchase money for said timber according to the terms of sale.   And on the 7th of November, 1903, the court upon a further hearing of the matter and taking evidence as to the adequacy of the price paid, &c., confirmed the sale as being one that would promote the interests of the said infant and approved the security offered by the purchaser, and the court appointed Dick Perry and J. M. Vance commissioners to count said timber and report to the guardian and to the court the amount, kinds and sizes of the timber on said two tracts. Said commissioners filed their report showing that the timber of said two tracts of land at the prices named made a total of $2,606.25, which report not being excepted to was confirmed. Afterwards, on the 4th day of May, 1905, Millard McDonald appeared in court and presented a deed from John Claypool to himself assigning to him the contract for the purchase of said timber and by oral representation showed to the court

that by reason of the purchaser, John Claypool, having been proceeded against in the Federal court in bankruptcy he had been prevented from marketing the timber within the time prescribed in the contract and that the said McDonald was now the owner of the interest of said purchaser, John Claypool, as shown by said deed filed by him, and asked for an extension of one year for the removal of said timber "and the court deeming the request reasonable" extended the time for one year. In the same manner said McDonald "further brought to the attention of the court that a large quantity of said timber so sold to said Claypool and marked for cutting is on lands other than that owned by said John W. Claypool and the said guardian had no authority to sell the same and prayed the court to have a survey made of the disputed lines between John W. Claypool and the other claimants and ascertain the amount of timber so sold which did not belong to said John W. Claypool and to ascertain the size of the same that a proper adjudication might be had of the matter and the court being of the opinion that the true amount of said timber should be ascertained and that a proper survey should be made of said line in order to ascertain the same doth hereby order E. A. McDonald, County Surveyor of Logan county, to make said survey and to ascertain what timber and the size thereof has been cut and marked for cutting outside the lines of the said John W. Claypool, to all of which W. R. Lilly, guardian for John W. Claypool, objects, which objection is overruled by the court."

Afterwards W. H. File was substituted for the said E. A. McDonald to make said survey. File filed his report, to which the guardian W. R. Lilly and the guardian *ad litem* excepted. First: Because none of the timber reported in said report as being out of the boundary of the land upon which the timber was sold was in fact off of said land and all of the timber sold by the decree was upon the land owned by the infant defendant, John W. Claypool; Second: Because there were no facts before the court at the time the order of survey was directed which warranted the directing of the survey. "No evidence being introduced and only the statements of counsel as to the supposed fact that some of the timber was not on the land; and Third: That if any, or all, of the timber should be found to be off the land of the infant

defendant, the said purchaser, John Claypool, and Millard McDonard, his assignee, were, by their purchase in the proceedings, the count of the timber by the commissioners and the confirmation of their report by the court, estopped from claiming in this cause any credits against the purchase money by reason of any timber being off said land, that the purchaser had the land surveyed before said timber was counted and had cut and removed a large portion thereof and were present in court when the report of the commissioners counting the timber was confirmed and did not then make any objections or exceptions to the confirmation of said report and purchased at their peril.

By decree entered on the 11th of December the court overruled the exceptions of the guardian and guardian *ad litem* to the report of File and decreed a rebate or credit on the purchese money "of $624.00 being the purchase price for the timber both cut and branded outside of the lines of said land as run by W. H. File, which the court finds to be the correct line of said survey." From these decrees the guardian W. R. Lilly and the infant John W. Claypool appealed.

This proceeding was for the purpose of selling the said timber, the property of the infant, John W. Claypool; and the decrees, extending the time for getting the timber off, which is in effect making a new contract or changing the terms of the contract between the parties, and granting the rebate of the purchase money are based upon no pleadings whatever, but upon the mere oral suggestion or representation of said McDonald, who was in nowise a party to the proceedings and though interested as the assignee of the purchaser filed no petition setting forth any grounds for relief in the premises. There is no principle better settled than that a judgment or decree cannot be entered in the absence of pleadings upon which to found the same. *McNutt* v. *Trogden*, 29 W. Va. 469; *Pickens* v. *Love*, 44 *Id.* 725: *Bland* v. *Stewart*, 35 *Id.* 518; *Renick* v. *Ludington*, 20 *Id.* 511, 536; *Chapman* v. *Railroad Co.*, 18 *Id.* 184; *Roberts* v. *Coleman*, 37 *Id.* 143; *McCoy* v. *Allen*, 16 *Id.* 724; *Moseley* v. *Cocke*, 7 Leigh 224. The decrees extending the time for getting the timber off in the contract and making rebate of $624.00 on the purchase money are void and of no effect.

For the reasons stated, the said decrees are reversed and set aside.

*Reversed.*