## NEW HAVEN SAND BLAST COMPANY *vs.* CHARLES A. DREISBACH ET AL.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

If the determination of the scope of a former judgment involves merely a construction of its terms in the light of the facts already appearing of record, a motion addressed to the court which rendered it is the proper procedure; but where, in addition, proof of facts extraneous to the record is required and

New Haven Sand Blast Co. *v.* Dreisbach.

there is a prayer for independent relief founded upon such facts, a motion is too informal and summary a procedure, and the matter can only be presented to the court in the form provided by law for the institution of all civil actions.

Jurisdiction is the right to adjudicate concerning the subject-matter in the given case and it only exists when the court has cognizance of the class of cases to which the one in question belongs, the proper parties are before the court, and the point decided is within the issue.

It is an implied requirement of our statutes, rules and decisions that all pleadings be in writing.

The rendition of a judgment upon a general written demurrer, though irregular, is not a jurisdictional defect, but it is otherwise in the case of an oral demurrer, since the point decided is not within the issue raised by the pleadings.

Jurisdiction cannot be conferred upon a court by agreement of the parties or by waiver.

Upon the original hearing in the present case (reported on appeal in 102 Conn. 169), the plaintiff obtained a judgment requiring the defendant, who was its president and general manager, to transfer to it all his rights in a certain invention which, it was alleged, he was using for his own profit in violation both of his confidential relation to the plaintiff and of his written agreement to convey to the plaintiff all patents or patent rights which might be issued to him by the United States of America. Thereafter, the plaintiff filed a motion alleging that British and Canadian patents had been issued to the defendant upon the same invention and praying that he be required to transfer his interest in these foreign patents to the plaintiff. No written pleading was interposed to this motion, but the parties stipulated in open court that the matter might be heard by oral argument, as on demurrer; and the trial court denied the motion upon its merits, basing its judgment upon the ground that the plaintiff's rights were limited by the written agreement which did not embrace any foreign patents. *Held* that the trial court's judgment was erroneous, first, because the issues could not be properly presented or adjudicated upon a motion and, second, because the court was without jurisdiction to render judgment upon an oral demurrer.

Argued January 27th—decided April 8th, 1926.

MOTION by the plaintiff for an order directing the defendant to assign to it certain British and Canadian patent rights, addressed to the Superior Court in New Haven County, which sustained (*Wolfe, J.*) an oral

demurrer thereto and rendered judgment for the defendant. from which the plaintiff appealed. *Error; judgment dismissing the motion ordered.*

*Edmond M. Bartholow* and *Frederick H. Wiggin,* for the appellant (plaintiff).

*Walter J. Walsh* and *George E. Hall,* for the appellee (defendant).

WHEELER, C. J. The present action arises upon a motion, based upon the judgment heretofore rendered against the defendant in an action between the same parties, praying that the court issue an order directing the defendant to execute and deliver to the plaintiff assignments covering the British and Canadian patent rights to the so-called Washburn and Sheldon invention. The former action (reported in 102 Conn. 169, 128 Atl. 320) was brought by the plaintiff against the defendant, who had been its president, general manager and director, and pursued as to the first and second counts of the complaint.

The first count alleged that plaintiff's business was the manufacture of sand blast barrels under a patent issued to the defendant and assigned by him to the plaintiff so far as concerned the territory of the United States, that the defendant occupied a confidential relation to the plaintiff in the conduct of this business and manufactured these barrels which the plaintiff sold to the public, that in violation of his trust the defendant made secret preparations to engage in a competing business, that he designed secretly a competing barrel and engaged in its construction and sale while holding such confidential relation.

The second count contained the allegations of the first count, and in addition, the allegations that defendant had agreed to convey all patents or patent

rights which may be issued to him by the United States of America covering any improvement on sand blast barrels of a similar nature which may be patented by him hereafter, and that he acquired rights in the Washburn and Sheldon invention while he held such confidential relation, that this invention was an improvement upon the patent conveyed to plaintiff by defendant, and that defendant is a trustee *ex maleficio* for plaintiff and in consequence all such rights should be assigned to plaintiff.

The court rendered judgment in favor of plaintiff and the judgment recites: in paragraph 2, that the defendant, his agents, etc., "be and hereby are ordered, directed and enjoined to do forthwith what is necessary to fully transfer and insure to the plaintiff all rights in the so-called Washburn and Sheldon invention"; in paragraph 3, that "the defendant be and hereby is directed and commanded to execute forthwith to the plaintiff a proper instrument of assignment transferring all of his right, title and interest in and to the Fred Washburn and John R. Sheldon invention"; in paragraph 5, "that the defendant be and hereby is ordered and directed to do forthwith what is necessary to fully transfer and insure to the plaintiff all rights in the Washburn and Sheldon invention."

The motion alleges these several orders of the judgment, and further, that a British patent covering this invention had been issued to an agent of defendant, that defendant is the owner of a Canadian patent covering this invention, and that plaintiff has made demand upon defendant to execute and deliver to plaintiff proper assignments covering the British and Canadian patent rights to this invention. The motion concludes with a prayer that the court issue an order directing the defendant to execute and deliver to plaintiff assignments covering the British and Canadian

patent rights to the Washburn and Sheldon invention. No answer or other pleading was filed to this motion. The judgment upon the motion recites: "The parties stipulated in open court that the matter might be heard by oral argument, as on demurrer, admitting for the purpose of argument the allegations of fact contained in the motion and amendment, but questioning the legal sufficiency of the facts so alleged, and the parties were thus at issue. The court, having heard the parties, finds the issues for the defendant and that said motion and amendment thereto are insufficient. Whereupon, it is adjudged that said motion as amended be denied." The court refused to make the order as prayed for by plaintiff, upon the ground that plaintiff's patent rights acquired by assignment from defendant did not cover any foreign rights in or under the Dreisbach patent or any improvement thereon, and hence there were no equities which the plaintiff was entitled to have the court enforce except such as arise under exhibit A, the assignment by defendant to plaintiff; hence the plaintiff was not entitled to an order directing defendant to assign the British and Canadian patents issued to him or his agent.

Assuming that the court had jurisdiction to determine the sufficiency of the motion, we are unwilling in this proceeding to consider that question either upon the ground upon which the court placed it, or that upon which, under the allegations of its second count, the plaintiff relied, that the defendant while occupying toward it the confidential relation as found by the court could not acquire the Washburn and Sheldon invention for his own benefit, but only as trustee for plaintiff. If that question be hereafter presented to the Superior Court in a proper procedure, it will be necessary for the court to resolve that question, which we find discussed at length under point one of the

plaintiff's brief. The procedure adopted by the plaintiff in bringing this matter before the court upon a motion is unknown to our practice, and should not be countenanced. The purpose of the motion is to secure an order requiring the transfer of the British and Canadian patents upon the Washburn and Sheldon invention to the plaintiff. That involved allegations of fact in the motion which must be proved, and a prayer for relief based upon proof of the allegations. Upon proof of the facts in the motion the court was required to construe the judgment in the former case in order to determine whether the orders of the judgment related to the Washburn and Sheldon invention. A matter of so serious import, requiring proof of facts extraneous to the record and a prayer for relief founded thereon, ought not to be disposed of by so summary a proceeding as a motion. The motion would have been a proper procedure for the settlement of the scope of a former judgment had it involved merely the construction of the judgment in the light of the facts already of record. But where it is necessary to go outside the record for facts, and to have independent relief granted based upon those facts, the matter should be brought to the attention of the court in the method provided by our law for the institution of all civil actions. A practice such as this, once permitted, will lead to a general practice of attempting to restrict or extend the terms of a judgment by the simple and somewhat informal method of a motion. A final judgment ought not to be assailed or subjected to construction in this method; otherwise the certainty which should follow its adjudication will be imperiled, and rights which are not included in the judgment will be attempted to be placed therein. The plaintiff cites as its only authority for its procedure by motion, *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 52 Atl.

947, where we said, at page 243: "But a final judgment may be followed, in cases of certain kind, by a further judgment." That is quite true; it was not the ground of our decision in that case. We had said that the order appointing appraisers was a final judgment and that a judgment was expressly provided for in the plaintiff's charter subsequent to the return of such an assessment of damages. "It would be an unnecessary formality," we say, "to institute any new and independent action to secure such a judgment." The charter provision provided for the subsequent judgment, and that was entered upon the return of the appraisers. and not upon facts alleged in the motion and extraneous to the record. The prayer of the motion cannot be granted because the matters alleged therein must be brought before the court in an independent action.

Thus far we have assumed the court had jurisdiction to determine whether the allegations of the motion were sufficient to justify the granting of the relief prayed for. We are of the opinion the court was without power to render the judgment it did for lack of jurisdiction. The parties stipulated in open court that for the purposes of argument the allegations of the motion might be admitted, as on demurrer, and thereupon the legal sufficiency of the facts so alleged be determined. This was equivalent to interposing an oral general demurrer. The rendition of a judgment upon a general demurrer is an irregularity; it is not a jurisdictional defect. *Miller* v. *Cross,* 73 Conn. 538, 48 Atl. 213. The rendition of a judgment upon an oral demurrer is a jurisdictional defect. The Superior Court was without power to consider or render judgment upon an oral demurrer. Oral pleading was permissible prior to the time in the reign of Edward III, when the method was changed so as to require written

pleadings. Thereafter in England, and always in the United States, pleadings were required to be written. Maxwell on Code Pleading, p. 1; Bates on Pleading (Ed. 1908) p. 151; *Fail's Admr.* v. *Presley's Admr.,* 50 Ala. 342. The Practice Act, now General Statutes, Chapter 294, the Rules of Court, and our decisions impliedly require all pleadings to be in writing, and to be filed in court.

We say in *Case* v. *Bush,* 93 Conn. 550, 552, 106 Atl. 822: "The Supreme Court of the United States defines jurisdiction as 'the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue.' *Reynolds* v. *Stockton,* 140 U. S. 254, 268, 11 Sup. Ct. 773." Jurisdiction of the subject-matter is not alone "cognizance of the class of cases to which the one to be adjudged belongs." In addition, "the point decided must be, in substance and effect, within the issue." In *Munday* v. *Vail,* 34 N. J. L. 418, 422, Beasley, C. J., observes: "A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that because A and B are parties to a suit, that a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not." Black on Judgments, Vol. 1 (2d Ed.) § 242, states the rule thus: "Besides jurisdiction of the person of the defendant and of the general subject-matter of the action, it is necessary to the validity of the judgment

that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. . . . And third, the point decided must be, in substance and effect, within the issue." See also Freeman on Judgments, Vol. 1 (5th Ed.) § 333, § 337; 23 Cyc. 684; Modern Amer. Law, Vol. 10, p. 501; *Ecton* v. *Tomlinson*, 278 Mo. 282, 288, 212 S. W. 865; *Gile* v. *Wood*, 32 Idaho, 752, 188 Pac. 36; *Sache* v. *Wallace*, 101 Minn. 169, 172, 112 N. W. 386; *Roth* v. *Union Nat. Bank*, 58 Okl. 604, 160 Pac. 505; *Windsor* v. *McVeigh*, 93 U. S. 274. A principle generally approved by our State jurisdictions is that stated in *Lilly* v. *Claypool*, 59 W. Va. 130, 133, 53 S. E. 22: "There is no principle better settled than that a judgment or decree cannot be entered in the absence of pleadings upon which to found the same." See also *Beckett* v. *Cuenin*, 15 Colo. 281, 285, 25 Pac. 167; *Title Ins. & Tr. Co.* v. *Northwestern Long Distance Telephone Co.*, 88 Ore. 666, 173 Pac. 251; Freeman on Judgments, Vol. 1 (5th Ed.) § 365.

In the case before us, assuming the procedure by motion to have been regular, there was no pleading before the court raising the sufficiency of the allegations of the motion. The court could not adjudicate the point without having that issue raised by a written demurrer. Aside from authority, the necessity of having a written pleading and issue joined on a written demurrer must be conceded. A court cannot be allowed to act *ex mero motu* upon an oral demurrer, else this practice will extend, and ere long the entire fabric of our system of written pleadings be demolished. Counsel will be at issue as to what was decided and what grounds were urged, uncertainty and confusion will result, and the present safeguards found in the rule that limits the authority of a court to act under

the limitations of the law and upon a particular question which it had the right to adjudicate upon, will disappear. The agreement of the parties to have this motion heard upon oral demurrer was ineffective to confer jurisdiction upon the trial court. "Where a court has no jurisdiction of a cause, the parties cannot confer jurisdiction by waiving this objection." *Chzrislonk* v. *New York, N. H. & H. R. Co.*, 101 Conn. 356, 359, 125 Atl. 874. The motion should have been dismissed for want of jurisdiction.

There is error in failing to dismiss the motion for want of jurisdiction; the judgment is set aside and the Superior Court in New Haven County directed to enter its judgment dismissing the motion in accordance with the foregoing opinion.

In this opinion the other judges concurred.