[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO COMPEL DISTRIBUTION OF ESCROW
The captioned case which has been litigated involved various claims of the plaintiffs concerning the operation of a corporation in which the parties were involved. A judgment was rendered on January 29, 1991 concluding the claims made in the complaint by the plaintiff with the exception of the dissolution and winding-up of the corporation which is in progress. Almost a year prior to the trial and the issuance of the complaint the parties entered into a "Memorandum of Understanding" (marked Exhibit A as attached to Defendants' Memorandum in Support of Jurisdictional claim dated CT Page 6262 June 3, 1991) regarding the establishment of an escrow account in the amount of $175,000. These funds were not to be distributed until certain conditions were met including "the resolution of pending disputes."
This agreement or "understanding" was not a matter which was before the court either by way of pleadings or evidence in the litigation referred to and the court had no occasion to consider it with regard to a determination of the rights of the parties as respect to the instrument.
The plaintiffs object to the court considering the agreement and taking action on the defendants' motion to compel distribution on the grounds that the court has jurisdiction to entertain the matter.
The court agrees.
In 61 A Am. Jur. 2. Pleading Sec. 2 it is noted that in general it is necessary in order to confer jurisdiction on a count to render a judgment that the subject matter be presented for its consideration in some mode sanctioned by law. So unless a complaint or other pleading is filed, the judgment is subject to collateral attack even though it may be by a court which has jurisdiction over the subject matter.
As the court in New Haven Sand Blast Co. v. Driesbach,104 Conn. 322, 329 noted "The point decided must be in substance and effect, within the issue" to confer jurisdiction. Beasley C.J. in Munday v. Vail, 34 N.J.L. 418, 422, New Haven Sand Blast Co., p. 329.
"It is impossible to concede that because A and B are parties to a suit, that a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not."
This view, that these pleadings must frame the issue to enable the court to adjudicate, was recently affirmed by Peters, C.J. in Doublewal Corporation v. Toffolon, 195 Conn. 384, 390. A judgment must ordinarily be restricted to issues reasonably within the scope of the pleadings unless waived or enlarged by consent of the parties and this appears not the case in the instant matter.
Inasmuch as the Memorandum of Understanding embraces on agreement not before the court in this law suit, the court concludes it has no jurisdiction to entertain any motions with respect thereto. The motion is denied.
GEORGE W. RIPLEY, JUDGE CT Page 6263